WILSON KELTON *v.* B. M. TAYLOR & CO.

1. BAILMENT. *Usage of trade. Evidence.* It is competent to show the usage of trade to qualify a bailee's liability.

2. SAME. *Bailee. Liability.* A person to whom cotton is delivered to be ginned will be held, as bailee, to ordinary diligence only.

FROM ·GIBSON.

Appeal from the Circuit Court of Gibson county. J. T. CARTHEL, J.

T. E. HARWOOD for Kelton.

M. M. NEIL, W. C. CALDWELL and S. H. WILLIAMS for Taylor.

DEADERICK, C. J., delivered the opinion of the court.

Verdict and judgment were rendered in the circuit court for defendants, and the plaintiff has appealed in error to this court.

In 1876 defendants were operating a cotton gin in or near Trenton, ginning cotton for their customers and the public, and had been so engaged for several years. In the fall of that year the plaintiff delivered to them about enough cotton in the seed to make one bale, to be ginned for him. The cotton was ginned, baled and marked in the plaintiff's name, and placed under a shed, in the gin lot, ready for delivery. It appears that it was delivered at

the gin on Monday, and plaintiff was informed that he could get the cotton next day, and on Tuesday, about 12 o'clock, after the cotton was ginned and baled, the plaintiff was informed by defendants' agent that the cotton was ginned and baled and ready for him, and he told the clerk to get one of the defendants to sell it for him; but this request was not communicated to defendants. On Saturday of the same week it was discovered that the cotton had been removed, and it could not be found. The gin lot was enclosed, and some of the hands lived in a house upon the lot. The plaintiff brought this suit to recover the value of the lost bale of cotton.

The grounds upon which plaintiff seeks a reversal of the judgment are, because of the improper admission of evidence and errors in the charge, and in refusing to charge as requested.

The court allowed defendants to prove that it was the usage of ginners of cotton in Gibson county, after they had ginned, baled and marked the cotton of their customers, to store it, as was done by them, and that plaintiff had had his cotton ginned at their gin for four successive years, and knew this was their custom.

We do not think there was any error in this. It is admissible to show the course of business in a particular trade. And a bailee is not expected or required to take the same care of a "bag of oats as of a bag of gold; of a bale of cotton as of a box of diamonds."

If in the course of a particular trade, certain

goods, as coal, are usually left on a wharf, without guard, during the night, the bailee might not be responsible, although for other goods he might: Story on Bailments, secs. 14 and 15; 1 Gr. Ev., 292, 294; 5 Sneed, 681.

If, therefore, the usages of trade qualify the bailee's liability, it is competent to prove such usage. But it is argued that the court should have applied stricter care and more diligence to a ginner in the town of Trenton than to one in the country. We do not see that the record discloses that there would be greater danger of loss in the one case than in the other. If any difference, perhaps the quiet of the country would offer safer opportunity to thieves, and less danger of detection of the theft.

It is also insisted that the court erred in holding that the bailee was held to ordinary diligence only.

This is a case in which the bailee was to do some work and bestow some care upon the thing bailed, and in such cases he is only held to ordinary diligence. But what would be ordinary diligence or care in respect to a bag of oats or a bale of cotton, might be gross negligence as to a bag of gold or a box of diamonds: 2 Parsons on C., 130; Story on B., sec. 429.

As to the instructions asked by plaintiff, the court had already instructed the jury as asked in regard to the bailee's liability, and the burden of proof on him to show good reason for not delivering the cotton. He told the jury that defendants could not relieve themselves from liability if they had dis-

posed of the cotton or delivered to another, by mistake or otherwise, but if it was stolen without their fault it would excuse them.

There was evidence to show that no mistake was made in its delivery to the wrong person by defendants, and from the evidence the jury concluded it was stolen, and we think the evidence justified their conclusion.

There is no error in the judgment, and it will be affirmed.