## SMITH *v.* BAILEY.

1. BAILMENTS — NEGLIGENCE — AUTOMOBILES — GARAGE KEEPERS — BAILEE FOR HIRE.

Where there is proof that an automobile was delivered to a garage keeper in good condition, and that he failed to produce it in condition similar to that in which he received it, a *prima facie* case of negligence is made out.

2. SAME—NEGLIGENCE—BAILEE FOR HIRE—QUESTION FOR JURY.

Where an automobile, left with a garage owner for repairs, was taken by his employee without his knowledge or consent, and while acting outside the scope of his employment, and damaged, the question as to whether the garage owner neglected to exercise ordinary care and diligence, rendering him liable for the loss or injury, was a question for the jury.[1]

Error to Wayne; Mandell, J. Submitted January 15, 1917. (Docket No. 131.) Decided March 29, 1917.

Case by Theodore J. Smith against Harry H. Bailey and James W. Burridge, copartners as H. H. Bailey & Company, for damage done to plaintiff's automobile. Judgment for plaintiff. Defendants bring error. Affirmed.

*Frederick E. McCain,* for appellants.

*Millis, Griffin, Seely & Streeter,* for appellee.

KUHN, C. J. We are asked to reverse a judgment for the plaintiff of $200 for damages done to his automobile through the alleged negligence of the defendants.

Defendants are in the business of dealing in certain automobile accessories, located in the city of Detroit,

[1]On the duty and liability of garage keeper to owner of car, see notes in 45 L. R. A. (N. S.) 314; 48 L. R. A. (N. S.) 561.

and they also have a repairing department in connection therewith. One Andrew McDonald was employed by them previous to June 24, 1914, and had charge of the repairing department and the work therein. McDonald was in the habit of opening this department for work each day and had a key to the garage for that purpose. On the day above mentioned, the plaintiff left his automobile, a Welch-Detroit car, at the defendants' shop to have certain repairs made, inasmuch as he was contemplating a long trip out of the State and desired to have his car in good working order. In the afternoon of the 25th of June, he was informed that the repairs were completed with the exception of adjusting the magneto, and that this would be finished the next morning. Upon coming to the garage the next morning, he discovered the car jacked up with one wheel smashed and in more or less damaged condition. He was informed by McDonald that he had taken the car out to test it the evening before, and that at about 7 o'clock the car skidded into the curbing while driving down John R. street and was damaged. Plaintiff took the car away and had the repairs in question made at another garage.

Upon the trial it appeared that in reality McDonald had not taken the car out to test it at the time of the accident, but that at about 7 o'clock he and one Atchison had taken it out of the garage without the permission of the garage owners. That a pleasure ride was indulged in that lasted until 2 o'clock in the morning, when, going up west Fort street, the car skidded into the curb on account of the slippery pavement and smashed the wheel. McDonald admitted on the stand that the first account he gave concerning the accident was untrue and that he told it because he feared the consequences.

Defendants made a motion for a directed verdict at

the close of the plaintiff's case and again before the case was submitted to the jury. Both motions were denied. A motion for a new trial was made and also denied.

Defendants' main contention is that when it is undisputed that the injury complained of or the damage in question is caused by an employee when acting outside the scope of his employment and against the express orders of his employer and without the knowledge or permission, either expressed or implied, of said employer, then the employer cannot be held responsible for the said damage or injury, no matter what the relations between him and the injured party may be. The plaintiff contends:

*First.* That the court, in taking the case from the jury on the theory of master and servant liability on the ground that the servant was acting outside of the scope of his employment, erred and unwarrantedly charged too favorably for the defendant.

*Second.* That this being a bailment for hire, the defendants owed the duty to use ordinary care to protect the automobile from use by parties other than the owner or persons authorized by him to use it, and that the burden is on the bailee to show that he has used that degree of care.

This being a bailment for hire, we must apply the general rules applicable thereto. The rule is thus stated in Babbit, The Law Applied to Motor Vehicles (1st Ed.), § 646:

"When there is proof that the property was delivered to the garage keeper in good condition, and that he failed to produce it in condition similar to that in which he received it, a *prima facie* case of negligence is made out."

See, also, *Baehr* v. *Downey,* 133 Mich. 163 (94 N. W. 750, 103 Am. St. Rep. 444).

Here the bailee seeks to excuse himself by showing that the damage was caused by an employee while

acting outside of the scope of his employment and without the knowledge or permission of his employers. But the plaintiff says and attempted to show that the bailee by exercising ordinary diligence might have avoided the loss or injury. The claims of the parties in this regard are thus summed up in the charge of the court which we think properly submitted the question to the jury:

"Now, the claim with regard to this lawsuit is this: That the defendant company failed in that regard and did not use ordinary care, but was guilty of negligence. Now, I am not going into detail with regard to the claim, because it has been ably argued by both sides. The plaintiff claims that there was lack of ordinary care, and therefore legal responsibility; but the defendant, on the other hand, claims that they used diligence and care and prudence, and that there was therefore the absence of negligence. That raises an issue of fact, and your duty will be to study the evidence carefully and see whether or not the defendant, in what it did in accepting the automobile for hire and placing the responsibility in the hands of this employee of its, did use ordinary diligence. The claim of the plaintiff is that they did not use ordinary diligence, that a man with unknown responsibility had been given means to do damage to the plaintiff's and other persons' property, had been given a key, and by the use of this key he was given an opportunity to do damage to the plaintiff, and that damage actually came to him. The plaintiff therefore says that the bailee firm of H. H. Bailey & Co. was responsible for the damage subsequently following. So much for the plaintiff's claim. The defendant, on the other hand, says in regard to that, that it, through the principal member of the company, has made inquiry concerning the character of this employee; that they had found him to be a careful, prudent, and good man, and that was all that was expected of him; and that the giving of the key was a necessity for the character of the business which required the shop to be open early in the morning, earlier than some member of the firm could be there; and that there was no act of negligence

on their part in doing that. There are the claims of the parties in regard to the question of liability. * * * There cannot be any liability in this case unless the plaintiff has established by a fair preponderance of the evidence that there had been neglect of the duty that the defendant owed to him when the defendant became a bailee for hire."

Being of the opinion that the amount of the verdict finds support in the evidence and that no prejudicial error is made to appear, the judgment is affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.