GENERAL EXCHANGE INSURANCE CORPORATION *v.* SERV-
ICE PARKING GROUNDS, INC.

1. BAILMENTS—BAILMENT NOT LIMITED BY HOURS STATED ON TICKET
WHERE HABITUALLY IGNORED.
    Where automobile owner habitually left his car in parking lot
    after day parking hours as stated in parking ticket were
    over, and no extra charge was made therefor, said time limit
    for day parking became inoperative through conduct of par-
    ties, and therefore did not limit the bailment.

2. SAME—NEGLIGENCE—BURDEN OF PROOF ON BAILEE.
    Where automobile, parked in enclosed lot for which fee was
    charged and ticket given, was not returned to owner, burden
    was on parking company to show, in action for value of car,
    not only that it was stolen, but that company was not negli-
    gent.

3. SAME—DUTY OF BAILEE.
    It was parking company's duty to see that car was not removed
    except upon surrender of ticket.

4. SAME—MOTOR VEHICLES—STATUTES—"DAMAGE" CONSTRUED.
    Word "damage," as used in 1 Comp. Laws 1929, § 4796 *et seq.,*
    relating to liability of owner of place where cars are accepted
    for hire for any damage to them while in his possession, is
    construed to cover total loss of car.

5. SAME—PRIMA FACIE CASE—ONUS OF EXONERATION ON BAILEE.
    *Onus* of exoneration for failure to return automobile parked in
    enclosed lot for hire is on parking company under 1 Comp.
    Laws 1929, § 4796. *et seq.,* and is not met by evidence tend-
    ing to show that car was stolen, where it failed to show that
    it was not negligent.

* Continued from Vol. 253.
    As to whether placing automobile in parking place is a bailment,
see annotation in 34 A. L. R. 925.
    Generally as to duty and liability of garage keeper to owner of
car, see annotation in 15 A. L. R. 681; 42 A. L. R. 135; 49 A. L. R.
319; 65 A. L. R. 431.

6. SAME—STOLEN CAR—BURDEN OF PROOF.

> In action against parking company for value of automobile left with it for hire and not returned to owner, showing that car was stolen does not excuse defendant, where undisputed evidence shows that, under the circumstances, defendant was negligent in its care of car.

MCDONALD and POTTER, JJ., dissenting.

Error to Wayne; Smith (Guy E.), J., presiding. Submitted October 8, 1930. (Docket No. 30, Calendar No. 35,122.) Decided April 7, 1931.

Case by General Exchange Insurance Corporation, a New York corporation, as assignee, against Service Parking Grounds, Inc., a Michigan corporation, for loss of a car parked on defendant's parking lot. Judgment for defendant in common pleas court. Plaintiff appealed to circuit court. Judgment for defendant. Plaintiff brings error. Reversed, and judgment ordered entered for plaintiff.

*Dykema, Jones & Wheat,* for plaintiff.

*Gerald K. O'Brien* (*Patrick H. O'Brien,* of counsel), for defendant.

BUTZEL, C. J. Plaintiff issued a policy of insurance to David S. Block, on October 5, 1928, against loss by fire or theft of an automobile. Defendant maintained and operated a parking lot at the intersection of First street and Bagley avenue in the city of Detroit. There were two entrances and exits to the lot, the balance being enclosed by barriers. There was a shack in the rear for accommodation of the attendants. It was the custom at night to move all unlocked cars to that portion of the lot near the shack. The only persons in charge after 5:45 p. m. were a middle-aged woman and a 13-year old girl, both of whom remained in the shack. It

contained windows which looked out on the lot, but at nighttime the lot was dark, there being no illumination. Block had been parking his car at the defendant's lot for over two months. There was never any objection or extra charge made to his leaving the car after 5 p. m. He usually called for it late in the evening. It was the custom of defendant to frequently move the cars with the exception of those brought in early in the morning before the lot was opened for business and locked by their owners.

On September 28, 1929, at about 8:30 a. m., in accordance with his usual custom, Block parked his automobile on this lot, paid the sum of 25 cents therefor, and received a parking ticket as follows:

"8 9 10 11 12 1 2 3 4 5
"Sep. 28, 1929
"This ticket MUST be surrendered when
car is taken from lot.

"SERVICE PARKING GROUNDS
"(Incorporated)
"Offices: 1301 Industrial Bank Building

"WE COMPLY WITH CITY ORDINANCE

"WE ARE NOT INSURERS

"Do not leave any valuables in the car.
"No attendant after parking hours.

"Day Parking Hours 8 a. m. to 5 p. m.

"License No.
"CHECKER CABS
"Empire 7000
"285–579
"63196"

Block accepted the ticket without reading it and paid no further attention to it. When he called for his car later in the evening, at first he found no one in charge of the lot. After walking around the lot to see if he could locate his car, he sounded the horn of another car, and a few minutes later the woman in charge and the young girl came out of the shack. The car was missing, and evidently had been stolen. It was so reported by Block to defendant and the Detroit police department. It was worth $375. Plaintiff paid Block this amount, and received from him a bill of sale of the car and an agreement subrogating plaintiff to Block's rights. Plaintiff then sued defendant in the common pleas court in the city of Detroit to recover the damages sustained by it, and a judgment of no cause of action was rendered. Plaintiff appealed to the circuit court, and before trial the stolen car was recovered and at the time of its recovery was worth $150. Plaintiff's damages amounted to $225. The case was tried in the circuit court without a jury.

There was absolutely no conflict in the testimony. The trial judge found in favor of defendant solely on the ground that it was excused from liability because it was shown that the car was stolen; that defendant was not an insurer, and he held that defendant took all precautions proper and necessary for the care of the car. He stated his doubts as to the correctness of his decision, and expressed the hope that the case might be reviewed by this court.

In *Knights* v. *Piella*, 111 Mich. 9 (66 Am. St. Rep. 375), it is said:

"There is no presumption of negligence from the mere fact of the loss or theft, and while there is much reason for the rule, adhered to in many States, that the defendant has the burden of prov-

ing the fact of loss, it does not necessarily follow that a presumption of negligence arises; and, if the facts shown in connection therewith do not fail to excuse, the *onus* is on the plaintiffs to shake defendant's exculpation. This does not deny the proposition that when the bailment is proved, and a refusal to deliver is established, the plaintiff has made out a *prima facie* case, and the inference of wrong by the defendant follows, or that it is then for the defendant to explain the loss and exonerate himself, which he may do by showing circumstances which *prima facie* excuse the failure to deliver. To this extent, and in this sense, a burden rests upon the defendant; but, if this question of fact becomes a disputed one, the evidence of the plaintiff must preponderate; and if the language of the charge, viewed abstractly, extends further, it cannot be said to have prejudiced the plaintiffs, under the established facts, the disputed question in this connection being whether or not the care exercised was equal to that to be expected from ordinarily prudent persons under similar conditions and circumstances. See Schouler, Bailments, § 23, for a discussion of this subject.''

The testimony shows that the parking lot was maintained for both day and evening service, and that competent persons were supposed to be in attendance until 11:45 p. m. After that hour, any cars uncalled for were moved for safety to a more central parking lot. Almost daily, for a period of two months, plaintiff did not call for his car until after the day parking hours were over, and no extra charge was made for overtime. It is quite evident that inasmuch as the time stated in the ticket was not considered by either party as a limit of the bailment, or of the obligations of the bailee, it became inoperative through the conduct of the parties.

In *Galowitz* v. *Magner,* 208 App. Div. 6 (203 N. Y. Supp. 421), it was said:

"Appellant contends that there was no bailment, or if there was, no negligence was shown.

"I have not been able to find any authority covering such a contract as that presented in this case. I think, however, it was a bailment for hire. It was, in my opinion, of the same nature as checking parcels, and the disclaimer of liability could only become effective, if brought to plaintiff's knowledge (*Healy* v. *Railroad Co.*, 153 App. Div. 516, 138 N. Y. Supp. 287). Or storing an automobile in a garage (*Smith* v. *Economical Garage*, 107 Misc. Rep. 430 [176 N. Y. Supp. 479]).  *  *  *

"The proof in this case is very meager, but is in my opinion sufficient to present a question of fact for the jury. Where a space is inclosed by an eight-foot board fence, for parking cars, with an entrance and an exit, a checking system, and three attendants to look after and take care of the cars as they came in and went out, the jury might infer that the theft of plaintiff's car could not have occurred had defendant and his employees properly performed their duty. Indeed, it seems to me that such inference is well-nigh irresistible, because some one must have taken out plaintiff's car without presenting a check or ticket therefor, and to permit this was clearly negligent."

The burden was on defendant not only to show that the car was stolen but also that the theft took place without any negligence on its part. As a rule automobiles brought in after 8 a. m. were left unlocked. Attendants were supposed to be at the parking lot so that cars could not be taken away without a surrender of the ticket given to the owner. It was defendant's duty to see that cars were not removed except upon the surrender of the ticket. Plaintiff might have had a better opportunity of protecting his car from theft had he kept it locked at the curb of a street in the vicinity. At least there would

have been more difficulty in stealing a car that was locked and not properly guarded.

Act No. 391, Pub. Acts 1919 (1 Comp. Laws 1929, § 4796 *et seq.*), provides as follows:

"SECTION 1. Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be *prima facie* evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

The word "damage" in the statute must be construed to also cover a total loss of the automobile. Under this statute, the *onus* of exoneration for failure to return the car was upon defendant and it was its duty to show that it was not negligent in the care of the car. *Tatro* v. *Baker-Fisk-Hugill Co.,* 215 Mich. 623. This it failed to show. Not only was the car taken without the surrender of the ticket, but it was further shown that there were no lights on the lot at nighttime; that the lot was enclosed by barriers but it had two exits and entrances which were not guarded; that the lot was situated in a neighborhood frequented by persons of questionable character, and there were not sufficient capable attendants in charge so as to guard the property. The showing that the car was stolen does not excuse defendant, for the undisputed testimony shows that defendant was negligent in its care of the car.

The judgment is reversed, with costs to plaintiff, and the case remanded to the lower court, where, on the undisputed testimony, a judgment is ordered entered for plaintiff in the sum of $225, the damages proven, together with costs.

WIEST, CLARK, SHARPE, NORTH, and FEAD, JJ., concurred with BUTZEL, C. J.

POTTER, J. (*dissenting*). Plaintiff issued a policy of insurance to David S. Block, insuring him against loss by fire or theft of an automobile, effective October 5, 1928, to October 5, 1929. Defendant maintained and operated a parking lot at the intersection of First and Bagley streets in the city of Detroit. September 28, 1929, at about 8:30 a. m., Block parked his automobile on this lot and paid the sum of 25 cents therefor, receiving a parking ticket as follows:

> "8 9 10 11 12 1 2 3 4 5
> "Sep. 28, 1929
> "This ticket MUST be surrendered
> when car is taken from lot.
>
> ----
>
> "SERVICE PARKING GROUNDS
> "(Incorporated)
> "Offices: 1301 Industrial Bank Building
>
> "WE COMPLY WITH CITY ORDINANCE
>
> ----
>
> "WE ARE NOT INSURERS
>
> ----
>
> "Do not leave any valuables in the car.
> "No attendant after parking hours.
>
> ----
>
> "Day Parking Hours 8 a. m. to 5 p. m.
>
> ----
>
> "License No.
> "CHECKER CABS
> "Empire 7000
> "285–579
> "63196"

Block returned for his automobile at about 9 o'clock p. m. on the same day. He asked for his car, but neither he nor the attendants in charge of the parking lot were able to find it. There were two entrances and exits to the lot, the balance being enclosed by barriers. There was a shack on the lot for the accommodation of the attendants. It was the custom of the attendants to move all unlocked cars to that portion near the shack. Neither the day attendants nor the night attendants recalled seeing this particular car. The only persons in charge after 5:45 p. m. were a middle-aged woman and a 13-year old girl. The car was reported stolen by Block to plaintiff and the Detroit police department. It was then worth $375. Plaintiff paid Block this amount and received from him a bill of sale of the car and an agreement subrogating plaintiff to Block's rights. Plaintiff then sued defendant in the common pleas court in the city of Detroit, to recover the damages sustained by it, where a judgment of no cause of action was rendered. Plaintiff appealed to the circuit court and before trial the stolen car was recovered and at the time of its recovery was worth $150. The case was tried in the circuit court without a jury. Requests for findings of fact and law were proffered by both parties. Plaintiff proposed amendments to the court's findings, which were denied. A judgment was entered for defendant. Plaintiff filed exceptions to the findings of fact and conclusions of law and brings error.

"Unless a bailee has assumed the obligations of an insurer, or as in a few special cases has had the same imposed on him by operation of law, in the interest of public policy, he may relieve himself of responsibility for a failure to redeliver by showing that the property bailed was lost through no fault

of his, or was stolen, destroyed, or otherwise put beyond his power to return, while he was in the exercise of the care required by law." 3 R. C. L. p. 116.

"It is a sufficient excuse for nondelivery or misdelivery that the property has been lost or destroyed without fault of the bailee, so a loss by theft without negligence on the bailee's part is sufficient excuse for nondelivery." 6 C. J. pp. 1140, 1141.

In *Knights* v. *Piella,* 111 Mich. 9 (66 Am. St. Rep. 375), it is said:

"There is no presumption of negligence from the mere fact of the loss or theft, and while there is much reason for the rule, adhered to in many States, that the defendant has the burden of proving the fact of loss, it does not necessarily follow that a presumption of negligence arises; and, if the facts shown in connection therewith do not fail to excuse, the *onus* is on the plaintiffs to shake defendant's exculpation. This does not deny the proposition that when the bailment is proved, and a refusal to deliver is established, the plaintiff has made out a *prima facie* case, and the inference of wrong by the defendant follows, or that it is then for the defendant to explain the loss and exonerate himself, which he may do by showing circumstances which *prima facie* excuse the failure to deliver. To this extent, and in this sense, a burden rests upon the defendant; but, if this question of fact becomes a disputed one, the evidence of the plaintiff must preponderate; and if the language of the charge, viewed abstractly, extends further, it cannot be said to have prejudiced the plaintiffs, under the established facts, the disputed question in this connection being whether or not the care exercised was equal to that to be expected from ordinarily prudent persons under similar conditions and circumstances. See Schouler, Bailments, § 23, for a discussion of this subject."

The rule of *Knights* v. *Piella, supra,* is supported by *Mills* v. *Gilbreth,* 47 Me. 320 (74 Am. Dec. 487); *Kelton* v. *Taylor,* 79 Tenn. 264 (47 Am. Rep. 284); *Schmidt* v. *Blood,* 9 Wend. (N. Y.) 268 (24 Am. Dec. 143); *Staley* v. *Old Colony Union Gin Co.* (Tex. Civ. App.), 163 S. W. 381.

"The burden is upon the owner of the motor vehicle of proving negligence on the part of the operator of the parking place, and no cause of action is shown by a complaint which merely sets up the duty of defendant to keep the motor vehicle safely and its loss by theft, but does not contain any allegations of negligence." 42 C. J. p. 1304.

Plaintiff relies upon Act No. 391, Pub. Acts 1919 (1 Comp. Laws 1929, § 4796 *et seq.*), entitled:

"An act to protect the owners of motor vehicles, entrusting the same for any purpose, to the care, custody or control of the owner or keeper of a public garage or other establishment where such motor vehicles are so accepted for hire or gain."

Section 1 of this act provides:

"Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be *prima facie* evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

This statute is declaratory of the common law. When plaintiff proved the car was delivered to defendant and defendant failed to deliver the same on demand, it established a *prima facie* case, and when defendant showed the car was stolen it showed a

*prima facie* excuse for its failure to deliver the car. The burden was on the plaintiff to show the car was stolen through the negligence of the defendant. This it did not do. *Knights* v. *Piella, supra; Pennsylvania R. Co.* v. *Dennis' Estate,* 231 Mich. 367; *Southern R. Co.* v. *Prescott,* 240 U. S. 632 (36 Sup. Ct. 469); *Gillette Safety Razor Co.* v. *Davis* (C. C. A.), 278 Fed. 864; *Douglas Shoe Co.* v. *Railway Co.,* 241 Mich. 297.

We find no reversible error. Judgment should be affirmed, with costs.

McDONALD, J., concurred with POTTER, J.