LOVING *v.* HOWARD LARE, INC.

1. BAILMENTS—AUTOMOBILES—GARAGE KEEPERS—PRIMA FACIE CASE
OF NEGLIGENCE.

A showing of demand for and a failure to return a bailed auto-
mobile constitutes a prima facie case of negligence both under
the garage keepers' liability act and the common law of bail-
ments (CL 1948, § 256.541).

2. SAME—PRIMA FACIE CASE OF NEGLIGENCE.

Once a prima facie case of negligence of the bailee of a chattel is
established, it then becomes the bailee's duty to establish its
freedom from negligence, or, if there be any, that it was not
the proximate cause of the bailor's damages.

3. SAME—AUTOMOBILES—NEGLIGENCE—EVIDENCE—UNATTENDED GA-
RAGE—KEYS IN IGNITION.

Fact that defendant's garage was left unattended from 4:30
a. m. to 6:15 a. m. when theft occurred of plaintiff's automo-
bile, bailed to defendant, may be considered, with the circum-
stance of the keys being left in the ignition, as evidence of
bailee's negligence.

4. APPEAL AND ERROR—WRONG REASON FOR RIGHT RESULT.

A correct conclusion by a trial court may be affirmed by an
appellate court for reasons other than those given by the
trial court.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 6 Am Jur, Bailments §§ 371, 374.
[1, 2] Duty and liability of garage keeper to owner of car. 15 ALR
681; 42 ALR 135; 65 ALR 431.
[3, 5] 6 Am Jur, Bailments §§ 222, 391, 392.
[3, 5] Liability of bailee where subject of bailment is stolen. 26
ALR 223; 48 ALR 378.
[4] 3 Am Jur, Appeal and Error § 1163.
[6] 3 Am Jur, Appeal and Error § 895 *et seq.*
[7] 6 Am Jur, Bailments § 399.

5. BAILMENTS—AUTOMOBILES—NEGLIGENCE—THEFT.

A garage keeper bailee with whom plaintiff left automobile for repairs is not relieved from liability for negligence by reason of the intervening illegal act of a thief, since it is the bailee's duty to use reasonable precautions to avoid theft of the car.

6. APPEAL AND ERROR—COMMON PLEAS COURT—WAYNE CIRCUIT COURT—FINDINGS OF FACT.

The Wayne circuit court on appeal from the common pleas court is bound by findings of fact which are not against the preponderance of the evidence (CLS 1954, § 728.4).

7. BAILMENTS—AUTOMOBILES—REPAIRS—THEFT—KEYS IN IGNITION —UNATTENDED GARAGE.

Whether or not bailee of automobile left for repairs was liable to plaintiff owner for its theft *held,* as much a question of law as one of fact, where undisputed facts show keys were left in ignition while car was left in garage that was broken into by thief when unattended by watchman or other employees.

Appeal from Wayne; Maher (Thomas F.), J. Submitted October 6, 1955. (Docket No. 33, Calendar No. 46,609.) Decided December 1, 1955.

Action by Fred Loving against Howard Lare, Inc., a Delaware corporation, for damages arising from theft of automobile from garage where left for repairs. Judgment for plaintiff. Defendant appeals. Affirmed.

*Meyer W. Leib (Marvin W. Reider,* of counsel), for plaintiff.

*Lacey, Jones & Doelle (William Smith,* of counsel), for defendant.

BUTZEL, J. On April 24, 1953, Fred Loving, plaintiff, left his 1953 Ford automobile for repairs at the garage of Howard Lare, Inc., a Delaware corporation, defendant. The garage evidently adjoined defendant's salesroom and parts department. The

following day defendant notified plaintiff that during the early hours of the morning defendant's premises had been broken into and plaintiff's automobile stolen. The car was finally recovered in a badly-damaged condition in Chicago, Illinois. Plaintiff was put to travel and other expense incidental and in addition to having the car repaired. He brought suit in the court of common pleas for the city of Detroit where defendant prevailed. Plaintiff appealed to the circuit court which reversed the judgment of the lower court and awarded plaintiff a judgment of $793.36 plus interest and costs. Defendant appeals.

CL 1948, § 256.541 (Stat Ann 1952 Rev § 9.1721) provides:

"Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be prima facie evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

A showing of a demand for and a failure to return the automobile constitutes a prima facie case both under this statute, *General Exchange Insurance Corp.* v. *Service Parking Grounds, Inc.,* 254 Mich 1, and the common law of bailments. *Tatro* v. *Baker-Fisk-Hugill Co.,* 215 Mich 623; *Smith* v. *Bailey,* 195 Mich 105 (15 NCCA 308). It then becomes defendant's duty to establish its freedom from negligence, or, if there be any, that it was not the proximate cause of plaintiff's damages.

The facts, as they appear in the settled record on appeal, are not in dispute. The car was left in the garage overnight with the keys in the ignition switch. The thief broke a small glass pane

inset in the garage door, reached through and removed the bar which held the door closed from the inside, and drove the car out of the opened door. Apparently aware of the fact that automobiles are easily movable as well as the danger of possible theft, defendant employed a night watchman but only until 4:30 a.m. On the morning in question the watchman left at approximately 4:30 a.m., when at that time of the year it was still dark, and the premises remained unguarded until 6:15 a.m. when another employee of defendant reported for work. The automobile was stolen during that unattended interval.

The circuit court, in reversing the court of common pleas, found for plaintiff on the ground that defendant was negligent in leaving the key in the ignition switch, thereby distinguishing *Minneapolis Fire & Marine Insurance Co.* v. *Porter,* 328 Mich 11. In that case we reversed the lower court and held the failure of the garage owner to report the theft of plaintiff's automobile not to be the proximate cause of plaintiff's loss. We did affirm, however, the finding of the trial court that the door was properly locked and adequately protected the cars inside and therefore that there was no negligence on the part of the garage owner in that particular. The record, briefs and opinion in that case are silent as to the primary act of negligence herein involved, leaving the key in the ignition switch.

In *General Exchange Insurance Corp.* v. *Service Parking Grounds, Inc., supra,* we considered, *inter alia,* the fact that plaintiff's car was unlocked as evidence of defendant's negligence. We held the owner of an open parking lot liable for the theft of plaintiff's car where the cars were left unlocked in a lot which was inadequately attended and equipped, in view of the neighborhood. We said (pp 6, 7):

"Plaintiff might have had a better opportunity of protecting his car from theft had he kept it locked at the curb of a street in the vicinity. At least there would have been more difficulty in stealing a car that was locked and not properly guarded."

Courts have considered the leaving of keys in the ignition switch as evidence of negligence. See *Farrell-Calhoun Co., Inc.,* v. *Union Chevrolet Co.,* 21 Tenn App 554 (113 SW2d 419); *Newton Chevrolet Co.* v. *Canle,* 31 Tenn App 67 (212 SW2d 392); *Widawski* v. *Lupowitz,* 164 Pa Super 298 (63 A2d 106); but see *Swain* v. *Twin City Motor Co., Inc.,* 207 NC 755 (178 SE 560). Defendant relies upon *Howard* v. *Swagart,* 82 US App DC 147 (161 F2d 651), where it was stated that leaving the key in the ignition in a parking lot garage did not, in that jurisdiction, constitute negligence. Aside from the fact that we may disagree with the conclusion, it is to be noted that the court there took notice of the custom and practice in the area of leaving the keys in the switch. See, also, *Carty* v. *Lemmon Auto Co.,* 72 SD 559 (37 NW2d 454). While pertinent, such evidence is not controlling, *Farrell-Calhoun Co., Inc.,* v. *Union Chevrolet Co., supra,* and we have held that proof of such custom and its uniformity must be shown as well as the fact that it was brought to the plaintiff's attention or that he had knowledge of it. *Tatro* v. *Baker-Fisk-Hugill Co., supra.* The record in this case is absolutely devoid of such evidence.

When considered with the circumstance of the keys being left in the ignition, the fact that the watchman left at 4:30 a.m., thus leaving the place unattended at the time the theft occurred, may be considered as evidence of negligence. While the court below evidently did not think so, we noted its relevance in *General Exchange Insurance Corp.* v. *Service Parking Grounds, Inc., supra.* So have other courts. See *Steenson* v. *Flour City Fuel &*

*Transfer Co.*, 144 Minn 375 (175 NW 681); *Smith* v.
*Cohen*, 116 Pa Super 395 (176 A 869); *Rogers* v.
*Murch*, 253 Mass 467 (149 NE 202). A correct con-
clusion may be affirmed though for reasons other
than those given by the court below. See *McNair*
v. *State Highway Department*, 305 Mich 181.

If defendant was negligent the intervening act of
the thief did not necessarily break the chain of
causation. *Stevens* v. *Stewart-Warner Speedometer
Corp.*, 223 Mass 44 (111 NE 771); *McKnight* v. *Ba-
trick* (Mo App, 1932), 49 SW2d 277; *cf., Swain* v.
*Twin City Motor Co., Inc., supra*.

Defendant contends that the circuit court erred
in reversing the judgment of the court of common
pleas in that "an appellate court may not substitute
its own judgment or opinion on a question of fact
unless the trial court's findings, sitting without a
jury, are against the clear preponderance of the
evidence." It is true that in Wayne county the
circuit court, on appeal from the court of common
pleas, is bound by findings of fact which are not
against the preponderance of the evidence. *Michael*
v. *Kircher*, 335 Mich 566; CLS 1954, § 728.4 (Stat
Ann 1953 Cum Supp § 27.3654). However, the issue
in the circuit court, as well as in this Court, is wheth-
er the undisputed facts create any liability on the
part of the defendant. This is as much a question
of law as one of fact. In *General Exchange Insur-
ance Corp.* v. *Service Parking Grounds, Inc., supra*,
on undisputed facts, we reversed the circuit court
and held defendant liable. This is essentially the
action taken by the circuit court in this case.

Affirmed, with costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID,
DETHMERS, and KELLY, JJ., concurred.