FLYNN v LIBKIE

Docket No. 46254. Submitted June 6, 1980, at Lansing.—Decided November 4, 1980. Leave to appeal applied for.

Donald Libkie, the operator of a service station and towing service, accepted for storage an automobile belonging to Kevin Flynn which was impounded by the police. The automobile was parked in an area adjacent to Libkie's service station in the rural town of Capac, and the doors of the car were locked. About two weeks later the automobile disappeared. It has been conceded by the parties that it was stolen. After the disappearance Flynn brought an action against Libkie for the return of the automobile or for damages. The St. Clair County District Court, Wilbur V. Hamm, J., found the defendant to be negligent in storing the automobile and awarded damages to the plaintiff. Defendant appealed to the St. Clair Circuit Court, which affirmed, Halford I. Streeter, J. Defendant appeals by leave granted, alleging that the district court erred by measuring the defendant's actions against a standard of care not applicable to the community. *Held:*

1. The plaintiff, by virtue of the statute relating to a garage keeper's liability, established a prima facie case of negligence. The burden was then on the defendant to show his freedom from negligence or that his negligence was not a proximate cause of the plaintiff's loss.

2. Some evidence was presented relating to the standard of care for rural garage owners, but the district court judicially noticed the standard of care for operators of towing services in urban Port Huron. This standard was neither applicable to the rural situation nor was it susceptible to judicial notice.

3. The proper standard of care is that the defendant must

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bailments § 330.
    38 Am Jur 2d, Garages, and Filling and Parking Stations § 27 *et seq.*
[2] 29 Am Jur 2d, Evidence § 14.
[3, 6] 57 Am Jur 2d, Negligence §§ 68, 70.
[4] 57 Am Jur 2d, Negligence §§ 77-79.
[5] 5 Am Jur 2d, Appeal and Error §§ 819, 839.
[6] 8 Am Jur 2d, Bailments § 322.

have acted in the same manner as a reasonable man under like circumstances. The testimony presented in this case did not establish that standard of care. Therefore, the trial court erred in holding that the defendant had not met the standard of care.

Reversed and remanded to the district court for a new trial.

DANHOF, C.J., dissented. While he agreed that the trial court erred by taking judicial notice of the Port Huron standard, he would find that the evidence supported a local standard of care, that the defendant failed to rebut the prima facie case of negligence, and that the trial court's decision was not clearly erroneous. He would affirm.

OPINION OF THE COURT

1. BAILMENTS — GARAGE KEEPERS — NEGLIGENCE — BURDEN OF PROOF — STATUTES.

The statute governing liability of a garage keeper for vehicles left in his control provides that a bailor need only prove a demand for and failure to return his vehicle to establish a prima facie case of negligence of the bailee; the burden of going forward with the evidence then shifts to the bailee who must show by a preponderance of the evidence that he was free from negligence or that his negligence was not a proximate cause of the bailor's injury (MCL 256.541; MSA 9.1721).

2. EVIDENCE — JUDICIAL NOTICE — ADJUDICATIVE FACTS — RULES OF EVIDENCE.

The rule governing judicial notice of adjudicative facts provides that such a fact must be one that is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned (MRE 201[b]).

3. NEGLIGENCE — STANDARD OF CARE — ESTABLISHMENT OF STANDARD.

A defendant alleged to have breached a standard of care must show that his conduct equalled that of a reasonable man under like circumstances in order to establish the local standard of care, and in determining the reasonableness of the defendant's conduct the trier of fact must weigh the utility of that conduct against the degree of risk created by it.

4. NEGLIGENCE — STANDARD OF CARE — USAGE AND PRACTICE OF INDUSTRY.

The customary usage and practice of an industry is relevant evidence to be used in determining whether or not a standard

of care has been met; however, such usage cannot be determinative of the standard.

5. APPEAL — FINDINGS OF FACT — CLEAR ERROR.
   A trial court must state its findings of fact and its conclusions of law thereon; such findings of fact are to be set aside only when they are clearly erroneous, that is, where the reviewing court is left with a definite and firm conviction that a mistake has been committed.

DISSENT BY DANHOF, C.J.

6. BAILMENTS — NEGLIGENCE — STANDARD OF CARE.
   *A defendant bailee against whom the bailor has established a prima facie case of negligence in the care of property failed to rebut the prima facie case where the bailee failed to show by a preponderance of the evidence that his conduct met the applicable standard of care, that of a reasonably prudent man under the same or similar circumstances.*

Legal Assistance, Inc., of St. Clair County (by *Frederick F. Swegles),* for plaintiff.

*Drillock, Atkins, Schrope & Marcus,* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and G. R. CORSIGLIA,* JJ.

M. J. KELLY, J. Defendant appeals by leave granted the circuit court's affirmance of a district court judgment, which found the defendant liable in damages for his negligent care of the plaintiff's impounded automobile.

On September 19, 1977, defendant accepted plaintiff's 1968 Chevrolet Camaro for storage after local police impounded it for displaying improper license plates. The car was towed to defendant's service station in the rural town of Capac, Michigan, where it was parked adjacent to the station in an area which was lighted at night. The doors

---

* Circuit judge, sitting on the Court of Appeals by assignment.

were locked, and the key was placed on a rack inside the service station. There was no fence around plaintiff's vehicle, and the station was unattended between 6 p.m. and 8 a.m. each day.

Periodically thereafter, plaintiff stopped at the defendant's station to check on the condition of his car. On October 4, 1977, plaintiff asked defendant where his car was, it not being visible on defendant's premises. Defendant could only respond that he had last seen the car at 6 p.m. on October 3, 1977, when he closed the station. At the time of trial in August, 1978, Michigan State Police records indicated the car had been stolen, a theory agreed to by the parties. Plaintiff filed suit against defendant, demanding return of his car or damages in the amount of $1,500. In a bench trial, the district court found defendant negligent in storing the automobile and awarded plaintiff $950 in damages. Specifically, the district court found that the defendant's efforts to protect vehicles in his control did not meet the judicially noticed standard of care for garage owners in the City of Port Huron. The court found the Port Huron standard of care applicable to defendant's business despite the rural character of the area surrounding Capac:

"*The Court:* Here is what I have to say about it: One, this man owned the car. Two, common law bailment, there is no doubt in my mind there was a bailment. The defendant wouldn't have returned the car to him unless he got paid, he is not running a public charity.

"There *[sic]* question is was there negligence? I believe there was. The standard practice here in Port Huron is they lock them up in the yard. I know a lot of places where they take these cars, if they don't have a yard, they chain the thing up if nobody is around; they put a chain through the wheels and around the axle; they do not leave the car unprotected.

"I find for the plaintiff and give him a judgment for nine hundred and fifty dollars, costs to be taxed."

Defendant argues on appeal that the district court improperly measured his actions against a standard of care not applicable to the community in which his garage was located. We agree and reverse and remand for a new trial.

The liability of a garage keeper for vehicles left in his control is generally governed by MCL 256.541; MSA 9.1721, which provides:

"Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be prima facie evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored."

Under this statute a bailor need only prove a demand for and failure to return his bailed vehicle to establish a prima facie case of bailee negligence. *General Exchange Ins Corp v Service Parking Grounds, Inc,* 254 Mich 1; 235 NW 898 (1931). Once such a prima facie case is made out, the burden of going forward with the evidence shifts to the defendant who must show by a preponderance of the evidence his freedom from negligence or that his negligence was not a proximate cause of the plaintiff's injury. *Loving v Howard Lare, Inc,* 344 Mich 97, 99; 73 NW2d 290 (1955).

In its decision, the district court apparently rejected evidence presented by the plaintiff relating to the standard of care for rural garage owners, choosing instead to measure the defendant's

conduct against the judicially noticed Port Huron standard. For the reasons explained below, we find that the trial court erred in applying an improper standard of care to determine whether the defendant's conduct was negligent.

The rule governing judicial notice of adjudicative facts is MRE 201(b), which provides:

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

The Port Huron practice in storing impounded vehicles is not susceptible to either of the above definitions. In reaching this conclusion, we note that Michigan courts have recognized business standards and practices in rare cases. See *e.g., Lane v B & J Theatres, Inc,* 314 Mich 666; 23 NW2d 120 (1946), *Minneapolis Fire & Marine Ins Co v Porter,* 328 Mich 11; 43 NW2d 46 (1950), *Loving v Howard Lare, Inc, supra.* Additionally, nothing in the trial court record suggests the uniformity of practice necessary to show the standard of care. *Tatro v Baker-FiskHugill Co,* 215 Mich 623; 184 NW 449 (1921). In the instant case, the practice to be noticed was not shown to be generally known and there is no unquestionably accurate source to which the issue may be referred. Further, evidence was offered to show that the standard in Capac was different than that applied in more urban Port Huron. This testimony alone establishes that the standard practice was not susceptible of judicial notice.

In the absence of a judicially noticed standard of care, defendant was required to present evidence

of the standard applicable to the Capac area and his compliance therewith, to defeat the plaintiff's prima facie case. *Loving v Howard Lare, Inc, supra*. To establish the local standard, defendant must show that his conduct equalled that of "a reasonable man under like circumstances". *Moning v Alfono,* 400 Mich 425, 443; 254 NW2d 759 (1977). Further, in determining the reasonableness of the defendant's actions, the trier of fact must weigh the utility of defendant's conduct against the degree of risk thereby created. *Meyers v Robb,* 82 Mich App 549; 267 NW2d 450 (1978), *McLaughlin v Great Lakes Contracting Co of Detroit,* 82 Mich App 729; 267 NW2d 489 (1978).

At trial, the only evidence offered to establish the applicable standard of care was the testimony of plaintiff's witness William Diriex, a service station owner in Richmond, Michigan. Diriex provided the following limited explanation of the steps used by him to protect impounded vehicles:

"Mr. Diriex, would you agree that if a car was towed into your place of business that was lighted at night, the vehicle was locked up on the premises without a fence, the keys removed from the vehicle and secured inside the building, that would be adequate security?
"Well, it isn't the best, but that is what we did do.
"That is standard in the industry, isn't it?
"Yes."

A careful reading of this testimony discloses that Diriex did not say the procedures followed by defendant met a perceived standard of care for rural garage owners. Rather, Diriex merely stated that the lack of additional protective measures was "standard" among such persons. In *Marietta v Cliffs Ridge, Inc,* 385 Mich 364, 369-370; 189 NW2d 208 (1971), the Supreme Court distinguished evi-

dence of the usage and practice of an industry from the conclusion that such practices established a standard of care:

"The customary usage and practice of the industry is relevant evidence to be used in determining whether or not this standard has been met. Such usage cannot, however, be determinative of the standard. As stated by Justice Holmes:

"'What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not.' *Texas and Pacific R Co v Behymer* (1903), 189 US 468, 470 (23 S Ct 622, 47 L Ed 905).

"The danger inherent in allowing an 'industry' standard to be the sole criteria for determining whether or not the defendant exercised due care was recognized in *Witt v Chrysler Corporation (1969), 15 Mich App 576, 583 [167 NW2d 100]:*

" 'To adopt this view would permit the industry to set its own standard of care.' "

Thus, the testimony relating to the practice of local garagemen does not ipso facto indicate the standard of care.

Under GCR 1963, 517.1, a trial court must state its findings of fact and conclusions of law thereon. This Court may only set aside such findings when they are clearly erroneous. *Smith v Michigan State Accident Fund,* 403 Mich 201; 267 NW2d 909 (1978). Further, a factual finding will be found "clearly erroneous" where the reviewing court is left with a definite and firm conviction that a mistake was committed. *Tuttle v Dep't of State Highways,* 397 Mich 44; 243 NW2d 244 (1976).

The testimony offered at trial relating to the standard of care does not support the lower court's factual conclusion regarding application of the

Port Huron standard. Without the aid of its erroneous judicially noticed standard of care the trial court could not, based upon the evidence, conclude that defendant's conduct fell short of that of a reasonably prudent man under similar circumstances. We thus find it necessary to reverse the decisions of the lower courts and remand the case for a new trial, at which evidence of the appropriate standard of care should be heard and findings of fact and conclusions of law be made thereon. *Hensley v Colonial Dodge, Inc,* 69 Mich App 597; 245 NW2d 142 (1976).

Reversed and remanded to the district court for new trial.

G. R. CORSIGLIA, J., concurred.

DANHOF, C.J. *(dissenting).* I must respectfully dissent. I agree with the majority that the district court erred to the extent that it took judicial notice of the Port Huron practice of storing impounded vehicles. However, I would not reverse because my review of the evidence discloses that the trial court's decision was correct and supported by the evidence.

As the majority correctly points out, a bailor need only prove a demand for and failure to return his bailed vehicle to establish a prima facie case of bailee negligence. Once a prima facie case is made out, the burden of going forward with the evidence shifts to the defendant who must show by a preponderance of the evidence his freedom from negligence or that his negligence was not a proximate cause of the plaintiff's injury.

In the present case, plaintiff established a prima facie case by testimony showing a bailment, a demand, and failure to return the vehicle.

The burden was thus shifted to defendant to

show his freedom from negligence. The standard by which the negligent or non-negligent character of defendant's conduct is to be determined is that of a reasonably prudent man under the same or similar circumstances. *Marietta v Cliffs Ridge, Inc*, 385 Mich 364, 369; 189 NW2d 208 (1971).

Defendant called three witnesses at trial. The first, Thomas Carr, a deputy sheriff, testified that he stopped the car, impounded it, and removed the license plates. He stated that there has been no transfer of title from the previous owner on the records. Defendant also called Bruce Hall, an auto salesman, who testified to the value of the car from photographs. Finally, defendant testified on his own behalf. He stated that he towed the car, parked it adjacent to his building (within 75 to 80 feet of an all-night light), locked it and placed the key inside the building. He testified that he had been doing this kind of business for police departments for nine years and never lost any other cars.

Plaintiff called William Diriex, a service station operator in Richmond, Michigan, who by arrangement with various police agencies towed vehicles to an impoundment yard. He testified that the police agencies (and insurance companies) require him to keep the cars in a lighted, fenced-in yard. He stated that he used to tow cars to his gas station and leave them in back with the keys locked in the station but does not do it any more. On cross-examination he stated that unfenced lighted storage isn't the best and agreed with defense counsel's characterization that such storage "is standard in the industry".

From my review of the evidence, defendant has not shown by a preponderance of the evidence that his conduct in storing the vehicle was that of a

reasonably prudent man under the same or similar circumstances. The evidence in his favor is that he had stored vehicles in this manner for nine years without other losses and, perhaps, William Diriex's agreement that outside storage is standard in the industry. On the other hand, William Diriex testified that, in a similar small town, he no longer stores vehicles in that manner but is required to store them in a lighted, fenced yard.

I would hold that the district court's decision was not clearly erroneous. Although the court appeared to base its determination on a Port Huron standard of care, there was no prejudice to defendant because an equivalent local standard of care is supported by the evidence. I conclude that plaintiff is entitled to judgment because defendant failed to rebut plaintiff's prima facie case of negligence. I would affirm.