CHARLES M. HOGAN, Appellant, v. PHILIP G. O'BRIEN, Respondent.

Third Department, March 4, 1925.

Bailments — bailment for hire — action to recover value of automobile stored for hire in defendant's garage — automobile disappeared during night time — garage was securely locked — plaintiff proved storage contract, failure to deliver, and value — defendant gave evidence that automobile was stolen — plaintiff and other customers, with plaintiff's knowledge, had key to garage — defendant is not liable.

A garage owner who maintained a garage for the storage of automobiles is not liable for the loss of a customer's automobile, where the evidence by the plaintiff shows a contract for the storage of the automobile, the fact that the automobile was left in the garage and disappeared therefrom during the night time, that the garage owner failed to redeliver the automobile and the value of the automobile, since the defendant sustained the burden cast upon him by the rule that proof of bailment and failure to redeliver raises a presumption that the bailee has converted the thing bailed or negligently caused its loss, unless the bailee can give a legal explanation for the loss, by evidence tending to prove that the automobile was stolen from the garage during the night time; that while the garage was securely locked, the keys therefor were in the possession of the plaintiff and the possession of other customers to the knowledge of the plaintiff; and that during the night in which the automobile was taken someone resembling the plaintiff's chauffeur, at about three o'clock in the morning, took an automobile from the garage, which resembled the plaintiff's automobile.

APPEAL by the plaintiff, Charles M. Hogan, from an order of the Supreme Court, made at the Rensselaer Trial Term and entered

Third Department, March, 1925.                    [Vol. 212

in the office of the clerk of the county of Rensselaer on the 22d day of November, 1924, setting aside the verdict of a jury in favor of plaintiff and dismissing the complaint, and also from a judgment entered in said clerk's office on the same day pursuant to said order.

*Mackrell & Ranney* [*John J. Mackrell* of counsel], for the appellant.

*James F. Brearton,* for the respondent.

H. T. Kellogg, J.:

The plaintiff, in his complaint, alleged that he was the owner of an automobile; that the defendant conducted a garage for the storage of automobiles; that the defendant agreed to store the plaintiff's car in his garage; that the plaintiff left his car in the defendant's garage in the possession of the defendant and his agents; that the defendant did not use proper care to keep the plaintiff's car; that when the plaintiff demanded his car the defendant failed and refused to deliver it to the plaintiff; that the car was lost to the plaintiff through the misconduct and neglect of the defendant. The defendant, in his answer, admitted that the contract of storage was made and that the plaintiff's car was left in his garage, but denied the other allegations of the complaint. Upon the trial, the plaintiff, relying upon the admissions in the pleadings and upon a presumption of fault on the part of the defendant arising from his failure to redeliver the car, gave evidence of nothing more than the market value of his car. The defendant gave evidence tending to prove that the car had feloniously been taken from his possession. The plaintiff, on rebuttal, gave no further affirmative proof in relation to the disappearance of the car. The jury found a verdict in favor of the plaintiff for the value of the car. The trial judge set the verdict aside on the ground, as stated by him in an opinion, that upon the whole case the plaintiff had failed to make out a cause of action. (123 Misc. 865.)

It is well settled that a bailee is not an insurer; that he is liable to the bailor for a loss of the thing bailed only in an action of negligence or conversion; that in such an action the burden of establishing conversion or negligence rests upon the bailor; that upon giving proof of the bailment and the failure to redeliver, a presumption arises that the bailee has converted the thing bailed or negligently caused its loss; that this presumption operates to cast upon the bailee the burden of producing proof in explanation of the loss; that, in default of such proof, the bailor is entitled, as a matter of law, to a verdict in his favor. (*Lamb* v. *Camden & Amboy R. R. & T. Co.,* 46 N. Y. 271; *Russell Mfg. Co.* v. *N. H.*

*Steamboat Co.,* 50 id. 121; *Fairfax* v. *N. Y. C. & H. R. R. R. Co.,*
67 id. 11; *Claflin* v. *Meyer,* 75 id. 260; *Hasbrouck* v. *N. Y. C. &
H. R. R. R. Co.,* 202 id. 363.) In the *Fairfax* case the court said:
" When the plaintiff demanded the article, it had disappeared, and
no account is given of the cause of such disappearance. This is
*prima facie* evidence of negligence." In the *Hasbrouck* case the
court said: " Such an action rests on the presumption arising from
delivery, demand and refusal, without affirmative proof of negligence
in any respect." Professor Thayer says: " The essential character
and operation of presumptions, so far as the law of evidence is
concerned, is in all cases the same, whether they be called by one
name or by the other; that is to say, they throw upon the party
against whom they work, the duty of going forward with the
evidence; and this operation is all their effect, regarded merely
in their character as presumptions." (Thay. Ev. 339.) Presump-
tions, then, are rules of law; they govern the disposition of a case
by the trial judge; they are not evidence or rules of evidence to be
given effect by the trial jury. (5 Wigm. Ev. [2d ed.] § 2487.)
Nevertheless, certain presumptions are mere inferences of fact
crystallized into legal rules by judicial authority. In any such
case, when, upon the appearance of proof to the contrary, the pre-
sumption disappears, the inference of fact may remain. Wigmore
says: " The presumption is not the fact itself, nor the inference
itself, but the legal consequence attached to it. But, the legal conse-
quence being removed, the inference, as a matter of reasoning, may
still remain; and a ' presumption of fact,' in the loose sense, is
merely an improper term for the rational potency, or probative
value, of the evidentiary fact, regarded as not having this necessary
legal consequence." (Id. § 2491.) In the case at bar the presump-
tion applied was the outgrowth of a familiar state of facts proven
in the case from which a conclusion of fact might naturally arise.
(*Russell Mfg. Co.* v. *N. H. Steamboat Co., supra.*) The evidence
of the defendant, while it destroyed the presumption, did not neces-
sarily destroy the inference. The question which arose was this:
Did the proof as a whole, tested by logic unhampered by rules, still
justify the inference that the plaintiff's car was lost through the
fault of the defendant?

The defendant was accustomed to store about twenty cars
in his garage. He had but one employee. Neither the defendant
nor the employee remained at the garage later than midnight.
The garage was furnished with double doors capable of being
securely fastened upon the inside by iron bars fitting into slots.
One of these doors was provided with a postern door covering
an opening in the main door. This lesser door was provided

with a Yale lock and opened inwards. The defendant had furnished to several of his customers keys for the Yale lock in order that they might enter the garage after midnight to put away their cars. All these undisputed facts were known to the plaintiff, who, notwithstanding, continued to store his car with the defendant. One Walsh, an employee of the Troy Union railroad, who nightly took up his station at a railway shanty, distant less than thirty feet from the doors of the garage, was also provided with a key. This key was frequently loaned by him, temporarily, to owners whom he knew, in order that they might put up their cars after the garage was closed. The plaintiff repeatedly borrowed Walsh's key for this purpose. On the night of January 14, 1924, the plaintiff's car was in the garage. The defendant's employee at midnight securely locked the doors of the garage and went home. At two o'clock, or thereabouts, Walsh saw a closed car, resembling the plaintiff's car, in front of the garage, with a man, resembling the plaintiff's chauffeur, standing beside it. The car was driven off. At about three o'clock one of the defendant's customers, returning with a car, found the garage doors partly open. He placed his car in the garage and securely locked the doors. On the following morning the plaintiff's car was missing. Now, it is evident that an object as large as an automobile cannot be mislaid, or, in any ordinary sense, lost. If it has disappeared, it must have been removed by some human agent acting with intent. So with the plaintiff's car. Moreover, it having been proven that the garage doors were securely locked, and that the doors were intact, the plaintiff's car must have been removed by some one possessing a key to the Yale lock. Keys were available to the plaintiff, to his chauffeur, to Walsh, and to several customers, as well as to the defendant and his employee. No evidence points to the guilt of the defendant in removing the car with any more certainty than it does to the guilt of any of the persons mentioned, and with far less certainty than it does to the guilt of the plaintiff's chauffeur. Indeed, it is significant that the chauffeur was not called by the plaintiff or his absence explained. It follows that no inference of the defendant's guilt, in preference to the guilt of any of the others, remained, after the proof was given, to justify a verdict against the defendant. Moreover, the defendant was not chargeable upon the theory that he negligently gave out keys. The plaintiff was cognizant of the fact and consented to the arrangement which was in part for his own convenience. Therefore, the verdict was not justified by the proof.

The order should be affirmed, with costs.

Order and judgment unanimously affirmed, with costs.