MINNEAPOLIS FIRE & MARINE INSURANCE
COMPANY v. PORTER.

1. AUTOMOBILES—GARAGE KEEPERS—THEFT—NEGLIGENCE—STATUTE.
   Purpose of statute setting forth that proof of damage to motor
   vehicle while in the possession or under the care, custody or
   control of the owner, agent, servant or keeper of a public
   garage shall be prima facie evidence of negligence of the
   owner or keeper of the place where the vehicle was stored is
   simply to require the garage keeper to make proof that he
   was not negligent in the matter of the occurrence of theft,
   where damage to car involved took place while thief was oper-
   ating it (CL 1948, § 256.541).

2. NEGLIGENCE—THEFT FROM BAILEE—PRESUMPTIONS.
   There is no presumption of negligence on the part of the bailee
   from the mere fact of theft.

3. AUTOMOBILES—GARAGE KEEPERS—THEFT—NEGLIGENCE—EVIDENCE.
   In subrogee insurer's action against garage keepers for dam-
   ages to insured automobile while operated by thief who stole
   it from defendants' garage, evidence sustained finding that
   defendants were not guilty of negligence respecting the mat-
   ter of the theft.

4. SAME—GARAGE KEEPERS—DELAY IN REPORTING THEFT—NEGLI-
   GENCE—BURDEN OF PROOF.
   By failing to show by a preponderance of the evidence that but
   for defendant garage keepers' 23-hour delay in discovering and
   reporting theft of car belonging to plaintiff subrogee's insured,
   the collision in which it was involved would not have occurred
   in that police officers would have recovered it and prevented

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 6 Am Jur, Bailments, § 372; 24 Am Jur, Garages, Parking
Stations, and Liveries, § 20.

[1, 3, 4] Garage keeper's duty and liability to owner of cars.   15
ALR 681; 42 ALR 135; 65 ALR 431.

[6] 5 Am Jur, Automobiles, § 164; 38 Am Jur, Negligence, § 51.

the damage, plaintiff failed to sustain burden necessary to recover cost of repairing car from garage keepers from whose custody it was stolen (CL 1948, § 256.541).

5. EVIDENCE—JUDICIAL NOTICE—RECOVERY OF STOLEN AUTOMOBILES.
   While courts may take judicial notice of the fact that police have a system of broadcasting and checking cars for the purpose of recovery of stolen cars, a court cannot take judicial notice that it is likely that a stolen automobile would be recovered in about 23 hours after its loss should have been discovered and thereby prevent damage to it in a collision while being operated by the thief in another State.

6. NEGLIGENCE—PROXIMATE CAUSE.
   There can be no recovery for an injury that is not a proximate consequence of the negligence complained of; and the court cannot select some cause back of the proximate one whereon to base an action.

7. AUTOMOBILES—GARAGE KEEPERS—DELAY IN REPORTING THEFT—PROXIMATE CAUSE.
   Defendant garage keepers' failure to report theft of car left in their custody for some 23 hours before it was involved in a collision while being operated by the thief in another State may not be said, as a matter of law, to be a proximate cause of the collision and damage to the automobile.

Appeal from Kalamazoo; Sweet (Lucien F.), J. Submitted April 13, 1950. (Docket No. 40, Calendar No. 44,486.) Decided June 5, 1950.

Case by Minneapolis Fire & Marine Insurance Company, as subrogee and assignee of Mulholland Outdoor Advertising Company, against John W. Porter and another, doing business as Porter-Sullivan Motors, for damages to automobile caused by accident when automobile was being driven by a thief. Judgment for plaintiff. Defendants appeal. Reversed without new trial.

*Mason, Stratton, Kent & Wise,* for plaintiff.

*Howard, Howard & Bennett,* for defendants.

REID, J.   This is an action by the insurer of an automobile belonging to the Mulholland Outdoor Advertising Company against defendants as garage keepers, to recover for damages to the automobile caused by a collision while the automobile was being driven by a thief (an employee of defendants) who had stolen the car from defendants' garage. The case was tried by the court without a jury. From a judgment for plaintiff, defendants appeal.

The car was insured by the plaintiff Minneapolis Fire & Marine Insurance Company, which became subrogated to the rights of the Mulholland Outdoor Advertising Company. When the car was returned to the Mulholland company it was damaged and the repair bill for the damage, $482.57, was paid to the Mulholland company by the plaintiff insurance company under the terms of a policy of insurance covering the Mulholland company.

Plaintiff tried the case on the theory that since the car was delivered to the defendants' garage and the defendants, as garage keepers, when the car was called for, were unable to produce it, but later produced it in a damaged condition, the plaintiff made a prima facie case.

The case was defended by the defendant garage keepers on the theory that, upon the showing that defendants used ordinary prudence in handling the car and that the car was stolen without defendants' fault at night when the locked garage was broken into, that defendants' freedom from liability was established.

The facts are agreed on and are as follows:

On June 5, 1947, Mr. Mulholland, manager of the Mulholland company owning the car, brought the Mercury automobile to the defendants' garage to have it washed. That evening, about 11 p. m., after the garage had been closed and locked, one Wesley Fiske, an employee of the defendants, returned to

the garage and by stealth and force broke open a rear door and stole the automobile.

Fiske stated that the door he broke into was locked and that there was a 2 by 4 across it held by brackets on either side of the door and that he opened it by pushing on it until it was sprung enough so that he could slide the 2 by 4 out of the way and force the lock. The door was a big double door for cars to go in and out, and it was the only place that Fiske used to go in or out.

After Fiske stole the automobile from the garage, he drove north to Traverse City, Michigan, by way of US–131 through the westerly part of the State. He was stopped in Grand Rapids, Michigan, on the way to Traverse City for running a red light. The police officers took his license number and gave him a ticket, and then he continued on to Traverse City, arriving there about 4 or 5 a. m. on Friday, June 6, 1947. Fiske spent Friday, June 6, 1947, in possession and control of the automobile in and about Traverse City. The car was on the streets all the time; it was not hidden. The license plates were not changed and no effort was made to conceal the identity of the car.

About 6:30 p. m., Friday evening, June 6, 1947, Fiske drove the automobile south on US–31 near Lake Michigan to Chicago, Illinois. During the early hours of Saturday morning, about 6 a. m., June 7, 1947, Fiske was involved in an automobile accident in Chicago which caused the damage to the automobile for which plaintiff is suing in this case. Fiske was arrested and convicted and served a sentence in the Federal penitentiary at Chillicothe, Ohio, for the theft of this automobile.

Saturday forenoon, June 7, 1947, during business hours, Mr. Mulholland called for the automobile. Neither the defendants nor their employees knew the automobile was missing from their garage until

Saturday morning when Mr. Mulholland came in to get it. At that time, about 11 or 12 on Saturday morning, June 7, 1947, the theft of the automobile was discovered and the police were notified. On Sunday, June 8, 1947, the defendant garage keepers were advised that the car had been in an accident in Chicago and that Wesley Fiske had been arrested. One of the defendants' and an employee went to Chicago, Illinois, and brought back the automobile. The car was repaired and returned to the Mulholland company.

Fiske, the thief, testified at the trial of this case in circuit court that whether he left the garage door open or closed, in any event the bar across the inside was not replaced. Mr. Porter, one of the defendants, testified that he had personally checked the garage on the evening of June 5, 1947, before the time Fiske stated that he broke in, that he [Porter] was positive the door at that time was locked and that the bar was across the door, because if the bar had not been up it would certainly have attracted his attention. He further testified that he did not see the car at all on Friday and that none of his employees reported to him, either on Friday or Saturday, that the car was missing. Mr. Harkins, the defendants' service manager, also testified that he had made the rounds of checking on the evening of June 5th and saw the Mulholland car there in front of the doors through which it was stolen.

Among other things, the trial judge found,

"If the loss or theft had been discovered Friday morning, it is entirely possible, under our system now, of which the court will take judicial notice of police being alerted,  *  *  *  that this thief would have been apprehended before the car was involved in the collision in Chicago; so  *  *  *  it is my conclusion that there was negligence in the failure to observe and discover the open door and in failure to

observe and discover the loss of the assured's automobile on the morning following the theft, and it is my further finding that the defendant has not sustained the burden that defendants have under the law in showing that this damage did not result from a lack of ordinary care on the part of the defendant."

A statute of the State of Michigan is as follows:

"Whenever any damage shall be done to any motor vehicle while in the possession or under the care, custody or control of the owner, his agent or servant, or the keeper of any public garage or other establishment where such vehicle shall have been accepted for hire or gain, proof of such damage shall be prima facie evidence that such damage was the result of the negligent act of such owner or keeper of the place where such vehicle was stored." CL 1948, § 256.541 (Stat Ann § 9.1721).

We think the practical effect of this Michigan statute on the situation in this case is simply to require defendants to make proof that they were not negligent in the matter of the occurrence of the theft.

Under the caption, "theft not presumptive evidence of negligence," 26 ALR 236, at page 237, is the citation of a Michigan case.

"And in *Knights* v. *Piella* (1896), 111 Mich 9 (66 Am St Rep 375), the Court said that there is no presumption of negligence from the mere fact of theft."

The trial court in this case ruled, "I don't think there is any negligence on the part of the garage owner in that particular," referring to the question of care exercised in blocking the door when the garage was shut down for business for the night. We affirm the ruling under the undisputed facts that the defendants were not guilty of negligence as respecting the matter of the theft of the automobile in question.

The opening time of the garage in the morning is apparently about the hour of 7 o'clock, so that from that hour until the collision was approximately 23 hours, during which time defendants had not reported to the owner nor to the public authorities the fact of the theft.

To sustain its theory the plaintiff must show by a preponderance of the evidence that but for defendants' delay in discovering and reporting the theft, the collision would not have occurred.

Plaintiff had the affirmative in showing that the defendants were guilty of negligence after the theft had occurred without fault of defendants. It was also incumbent upon the plaintiff to show that such negligence caused or contributed to causing the damage by the collision. The burden was on the plaintiff to show that if the theft had been seasonably discovered and reported, the officers would have recovered (not merely that they might have recovered) the car and prevented the damage in the collision while the thief was driving the car. Plaintiff failed to make any such showing.

The trial court assumed judicial knowledge and notice of the diligence and efficiency of the police in recovering automobiles. We think courts can take notice of the fact that police do have a system of broadcasting and checking cars for the purpose of recovery of stolen cars. But we cannot say that the court can take judicial notice that it is likely under all the described circumstances in this case, that the police would have recovered the car in question before the collision. The most that we can say is that it is within the realm of possibilities that they might have recovered it, with no showing that recovery was probable. We cannot assume in the absence of testimony that the police would, if notified at some time on Saturday, have recovered the car in time to prevent the loss by the collision. We know of no ap-

provable reason for the trial court coming to such a highly speculative conclusion.

Plaintiff has failed to show that any negligence of defendants contributed to or caused the loss complained of by plaintiff.

There can be no recovery for an injury that is not a proximate consequence of the negligence complained of; the court cannot select some cause back of the proximate one whereon to base an action. *Lewis* v. *Flint & Pere Marquette Railway Co.,* 54 Mich 55 (52 Am Rep 790).

We cannot say that the failure to report the theft was a proximate cause of the collision and damage to the automobile. Judgment for plaintiff reversed. No new trial. Costs to defendants.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.