234 F.2d 342
 AETNA INSURANCE COMPANY, a Connecticut corporation, Assignee
and Subrogee of Holeproof Hosiery Company, a
Wisconsin corporation, and Holeproof
Hosiery Company, a Wisconsin
corporation, Appellants,
v.
COOPER WELLS & COMPANY, a Michigan corporation, Appellee.
 No. 12580.
 United States Court of Appeals Sixth Circuit.
 June 13, 1956.
 
 Robert M. Waer, Grand Rapids, Mich., Reginald S. Johnson, Detroit, Mich., Harrington, Waer, Cary & Servaas, Grand Rapids, Mich., on brief, for appellants.
 Laurence D. Smith, Grand Rapids, Mich., Paul D. Compton (of Rein, Mound & Colton), New York City, Schmidt, Smith & Howlett, Grand Rapids, Mich., on brief, for appellee.
 Before SIMONS, Chief Judge, and ALLEN and MILLER, Circuit Judges.
 ALLEN, Circuit Judge.
 
 
 1
 This appeal arises out of a summary judgment rendered by the District Court against appellants, plaintiffs below.[1] The complaint set up an action on contract arising out of an alleged agreement for the transportation of certain merchandise, the property of plaintiff Holeproof Hosiery Company, hereinafter called 'Holeproof,' in defendant's motor truck from Cullman, Alabama, to Milwaukee, Wisconsin. It was alleged in substance that it was agreed that defendant was to be paid at the rate or rates chargeable for similar services by common carriers, that regular bills of lading were to be issued to cover such shipments, and that defendant was 'to have the rights and be subject to the liabilities and obligations of a common carrier of goods for hire.' It was further alleged that defendant, disregarding its duty to safely carry and deliver the goods, failed to make delivery and that demands for payment had been refused. After motion to strike had been made by defendant and denied by the court, defendant filed an answer in which it admitted the transportation of Holeproof's goods in its truck, but alleged that the loss of the goods was due to highjacking of the truck near Chicago by four men who, at gun point, forced defendant's employees to surrender the truck and to enter the highjackers' automobile. Defendant's tractor and trailer were later recovered by the police, but the cargo was never recovered. In its answer defendant asserted that it was not negligent in connection with the highjacking incident; that, if any negligence was shown, the proximate cause of the injury was the highjacking of the truck and not defendant's negligence. Defendant also averred that the arrangement for transportation was oral and was merged in the written bill of lading subsequently issued in the transaction and that defendant therefore, under the provisions of the bill of lading, was liable only as a contract carrier answerable for negligence. A motion for summary judgment filed by defendant was granted.
 
 
 2
 Plaintiffs contend that the judgment constituted reversible error for three reasons: (1) when a contract carrier accepts goods for shipment under an agreement by which the carrier is to assume the liabilities of a common carrier, to charge common carrier rates, to issue uniform straight bills of lading used by common carriers and to take out insurance to cover the shipment, the carrier's entire liability is not to be determined solely by the bill of lading, and oral evidence as to the transaction should be admitted; (2) the use by a contract carrier of a bill of lading prepared and approved for the use of common carriers indicates an intention that the contract carrier's liability be increased to that of a common carrier; (3) under the facts of this record evidence of negligence in the transportation of valuable goods was shown, constituting a proximate cause of the loss.
 
 
 3
 The District Court entered summary judgment for defendant. It held that the bill of lading was controlling, that any prior oral agreement between Holeproof and defendant was merged therein, and that the bill of lading under its express terms created a liability against the carrier only 'as at common law for any loss or damage thereto. * * *' As found by the court:
 
 
 4
 'It is agreed by all counsel, and it has not been denied in any of the pleadings, the briefs, the depositions or the stipulations, that the defendant here was at most a contract carrier.'
 
 
 5
 While the record, as is usual in summary judgment cases, is meager, we think the District Court on these points ruled correctly. The rates that were to be charged were ordinary trucking rates. While the bill of lading issued in the transaction may be used by common carriers, its terms are applicable to carriers and 'parties in possession of property.' The last quoted term is broad and shows that the bill of lading is designed for use, not only by common carriers, but by contract carriers and private carriers. The use of this bill of lading constitutes no evidence of an intention that the contract carrier's liability should be that of an insurer.
 
 
 6
 Plaintiffs' third point, although not raised in its pleadings, has more merit. The answer pleaded the incident of the highjacking in full as constituting conclusive evidence that defendant was not liable. No reply was filed by plaintiffs. Whatever is shown on this point appears in the testimony that defendant's truck which was hired to Holeproof by the brother of Holeproof's president had no locks, had only a tarpaulin cover, that the drivers were not armed, and were not hired with the care and scrutiny necessary in the shipment of valuable materials. The asserted value of the merchandise, upon which plaintiff Aetna Insurance Company paid Holeproof $54,147.51, was $64,529.29. Defendant as a bailee of the goods was required to exercise reasonable care to guard the shipment. We take judicial notice that highjacking occurs in the transportation of goods in trucks. Plaintiffs' contention is that such highjacking might reasonably be anticipated, that, in the exercise of reasonable care, a stouter truck, equipped with adequate locks, should have been used, and that the drivers should have been more carefully selected and should have been armed. The fact that Holeproof's president may have known what kind of a truck his brother operated is not pleaded, and thus no issue of contributory negligence is raised.
 
 
 7
 The District Court held as a matter of law that the negligence of defendant, if any, was not the proximate cause of the loss, and sustained defendant's motion for summary judgment.
 
 
 8
 We bear in mind that the Supreme Court of Michigan in Minneapolis Fire & Marine Ins. Co. v. Porter, 328 Mich. 11, 43 N.W.2d 46, has reiterated the general principle that there can be no recovery for an injury that is not a proximate consequence of the negligence complained of. The court said that some cause back of the proximate one cannot be selected merely as basis for an action. In that case the negligence complained of perhaps was more remote than that shown herein. Moreover, in Loving v. Howard Lare, Inc., 344 Mich. 97, 73 N.W.2d 290, 293, announced December 1, 1955, the Supreme Court of Michigan, speaking through Mr. Justice Butzel, has declared a more liberal rule with reference to negligence of a bailee than in Minneapolis Fire & Marine Ins. Co. v. Porter, supra. In the Loving case defendant's employees, working in defendant's garage, had left the keys of the car in the ignition. The garage was unattended from 4:30 a.m. to 6:15 a.m., during which time plaintiff's automobile was stolen. It was not returned. The Supreme Court of Michigan considered that both under C.L.1948, § 256.541, and under the common law of bailments these facts were evidence of negligence and held that a garage keeper bailee with whom the plaintiff left his automobile for repair is not relieved from liability for negligence by reason of the intervening illegal act of a thief, since it is the bailee's duty to use reasonable precautions to avoid theft of the car. The court said 'If defendant was negligent the intervening act of the thief did not necessarily break the chain of causation. Stevens v. Stewart-Warner Speedometer Corp., 223 Mass. 44, 111 N.E. 771; McKnight v. Batrick, Mo.App.1932, 49 S.W.2d 277.' Cf. Restatement of the Law of Torts, § 449.
 
 
 9
 Clearly defendant owed Holeproof the duty of reasonable care of the goods entrusted to it.
 
 
 10
 There is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved for trial in the ordinary manner. 6 Moore's Federal Practice (second edition) 2232, Note 4 and cases cited. We think the question presented here as to defendant's negligence falls within this general rule and should not be decided finally by summary judgment. From this record it does not appear 'what the truth is' and 'that no genuine issue remains for trial'. Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627, 64 S.Ct. 724, 728, 88 L.Ed. 967. The trial court should be slow in granting a motion for summary judgment depriving a party of his right to trial by jury where there is a reasonable indication that a material fact is in dispute. Begnaud v. White, 6 Cir., 170 F.2d 323, 327; Estepp v. Norfolk & W. Ry. Co., 6 Cir., 192 F.2d 889, 893.
 
 
 11
 The function of a motion for summary judgment is not to permit the court to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. Pickle v. Trimmel, D.C., 93 F.Supp. 823; Ramsouer v. Midland Valley R. Co., 8 Cir., 135 F.2d 101, 103; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910, 915, 916; Dulansky v. Iowa-Illinois Gas & Electric Co., 8 Cir., 191 F.2d 881, 883; Crosby v. Oliver Corp., D.C., 9 F.R.D. 110, 112.
 
 
 12
 The judgment of the District Court is reversed and the case is remanded for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 The parties will be denominated as in the trial court