OPINION OF THE COURT
Ira Gammerman, J.
In this action for the loss of the front wheels and tires of an automobile, the court finds, as a matter of law, that no bailment was created when plaintiff parked his car in the garage of defendant. The court further finds, however, as a matter of fact, from the proof and reasonable inferences to be drawn from that proof, that defendant was negligent, through the acts and failure to act of its employee, and that such negligence was the proximate cause of the loss sustained by the plaintiff. The court finds that the removal of the wheels and tires, in the manner it was accomplished, created suffi *832 cient noise to put defendant’s cashier on notice of an occurrence requiring some action on his part.
It must be determined, therefore, whether ordinary negligence imposes liability on the defendant or whether such liability can only be imposed on a finding of gross or wanton negligence.
Defendant cites Billet v Edison Parking Corp. (NYU, March 11, 1970, p 16, col 7) as requiring a finding of gross or wanton negligence. The holding in Billet is apparently based solely on Hogan v O'Brien (123 Misc 865, affd 212 App Div 193). In Hogan, the plaintiff parked his car in a garage and paid a monthly fee. He parked and removed the car at will as did other parties. The court ruled that there was no bailment and that the agreement between the parties was basically a rental of space. The court held that liability could be based only on a finding of gross or wanton negligence.
In Hogan the phrase "gross or wanton negligence” is used in the opinion of the Supreme Court, Rensselaer County. The opinion of the Appellate Division in the same case affirming the lower court does not, however, indicate the duty of care imposed on the defendant.
In more recent so-called "park and lock” cases, the duty of care required of a defendant in a nonbailment situation is described as "actionable negligence” (Silberman v Olympic Parking Serv., 60 Misc 2d 68, 69); a "showing of negligence” (Makower v Kinney System, 65 Misc 2d 808, 809); "proof of a negligent act or omission” (Peralta v Port of N. Y. Auth., 76 Misc 2d 1086, 1087). Indeed, in perhaps the leading case (Ellish v Airport Parking Co. of Amer., 42 AD2d 174, app dsmd 33 NY2d 764, affd 34 NY2d 882), the court states, "Unless proof of negligence is present on the part of the operator of the lot, the risk of loss must be assumed by the owner of the automobile.” (Emphasis added; 42 AD2d 174, 179, supra.)
It appears that the requirement of gross or wanton negligence discussed in Hogan is based on that court’s confusion between a license to park and a gratuitous bailment. In the latter, all that is required from a bailee is that it refrain from gross or wanton negligence. When a fee is paid for storage of an automobile, under circumstances that do not give rise to a bailment, the lot or garage owner is liable upon proof of failure to exercise reasonable care under the circumstances.
*833 The court having found such failure, it finds in favor of the plaintiff and awards him damages of $187.