OPINION OF THE COURT
William D. Friedmann, J.
Claimant has instituted this small claims action against Delta Airlines and Ogden Security, Inc. because claimant’s hand baggage was missing after he and his baggage were separated during the security check before boarding a domestic flight on Delta Airlines. Claimant seeks to recover $1,500 for the loss of his hand baggage. Defendants contend that they are not responsible for the baggage mix up and claimant’s loss.
FINDINGS OF THE COURT
Before boarding Delta flight No. 1061 claimant submitted his person and hand baggage to the security check as each passenger is required to do. The security procedure necessitated that claimant be separated from his hand baggage for a short period of time. The baggage pursuant to direction was deposited by claimant on a conveyor belt. At the same time that it rolled through the X-ray apparatus claimant himself was going through a security check, the magnetometer, from which he was unable to observe his baggage. Upon completion of the security check of his person, claimant immediately went to the pick-up end of *485 the conveyor belt, grabbed the one and only bag there which from outward appearance resembled his own bag and proceeded to board the aircraft. While the airplane was still on the ground, and its boarding door still open, claimant realized that he did not have his baggage; instead, he held another bag. Claimant then reported his discovery to the ground departure agent. Claimant’s baggage has not been returned.
FINDINGS OF LAW
Defendants had dominion and control of claimant’s hand baggage while said baggage went through the security check required by Delta Airlines and operated by its agent Ogden Security, Inc., thereby creating a bailment. (Ellish v Airport Parking Co. of Amer., 69 Misc 2d 837, affd 42 AD2d 174.) It seems clear that an implied bailment is involved. An implied bailment arises when one comes into lawful possession of personal property of another, other than by mutual contract of bailment; such possessor may be treated as a bailee of property by operation of law and may reasonably be referred to as a constructive bailee. (Mack v Davidson, 55 AD2d 1027.)
Where a bailment exists, as in the instant case, the mere fact that the bailed item, inter alia, the hand baggage, is lost does not make the bailee liable to the bailor. It is well settled that a bailee is not an insurer. (Hogan v O’Brien, 212 App Div 193; Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehousing Corp., 22 AD2d 420.) However, a bailee can be liable to the bailor for loss of the item bailed in an action for negligence or conversion. In such actions, the bailor has the burden of establishing conversion or negligence. Upon giving proof of the bailment, and the failure to redeliver, a presumption arises that the bailee has converted the item bailed or negligently caused its loss. The burden of producing proof in explanation of the loss is then placed upon the bailee. (Hogan v O’Brien, supra, p 194.)
Claimant has. established a prima facie case of negligence upon showing that his hand baggage was in defendants’ possession and has not been returned. (Castner v Insurance Co. of North Amer., 40 AD2d 1.)
*486 The court in its own discretion will take judicial notice of the regulations (14 CFR Parts 107, 108), which deal with aviation security. (CPLR 4511.) The Code of Federal Regulations (14 CFR 108.9 [a]) dealing expressly with the screening of passengers and property provides that such screening must occur, “to prevent or deter the carriage aboard airplanes of any explosive, incendiary device, or a deadly or dangerous weapon on or about each individual’s person or accessible property, and the carriage of any explosive or incendiary device in checked baggage”. In addition, 14 CFR 108.9 (b) provides that where the airline is required to conduct such screening under its security program it,
“shall refuse to transport —
“(1) Any person who does not consent to a search of his or her person in accordance with the screening system * * *
“(2) Any property of any person who does not consent to a search or inspection of that property”.
Clearly, airlines are required by the FAA to conduct such screening operation and in doing so fulfill its duty to the public to provide safe flights free from other passengers boarding the aircraft with life-threatening items, to wit, guns and bombs. However, this court believes that airlines also have a duty to safeguard the passenger’s hand baggage during their security procedures. The traveling public is warned not to pack valuables in checked luggage which is stored within the aircraft’s freight and luggage compartments during the flight’s duration. Accordingly, valuables are encouraged to be packed in hand baggage intended to be carried aboard the plane to be kept within the passenger’s view and control. Yet, the passenger and his hand baggage are separated as both go through the required security measures. The passenger, indeed, is placed in a catch-22 situation in need of a safe place to carry his travelers cheques, credit cards, travel and business documents, identification, airline tickets, eyeglasses and jewelry. A passenger needs to rely that his medicines which he must take during his trip will not be lost during the security check. A woman rightfully expects the return of her handbag containing all those items necessary for her to function throughout the day. The businessperson de *487 pends upon the return of his or her briefcase containing his or her important papers needed at the business meetings they are flying to attend.
Thus, the security system of an airline should operate in such a manner that it is accountable to the public for the return of hand baggage. Such security operations ought to allow for passenger and his hand baggage to remain together at all times or for the passenger to view his hand baggage throughout the security check or perhaps for the baggage to be ticketed and then a stub given to its owner who is required to show it to an airline agent before receiving the baggage after passing through all security systems.
The public hurrying to board a flight amidst the hustle and bustle of the airport is faced with a difficult and impossible situation. Throughout the existing haphazard security system whereby claimant and his hand baggage were separated claimant was under pressure to move as quickly as possible until he was aboard his flight.
Hence, the duty owed by Delta is one of “reasonable conduct in light of the apparent risk”. Delta breached its duty by not adequately foreseeing claimant’s dilemma and safeguarding his hand baggage. Delta’s breach was the proximate cause of claimant’s damages, inter alia, missing handbag.
Applying these principles to the facts at bar and ascertaining that “substantial justice” is done (CCA, § 1804), this court holds that where, as here, the airline either knows or has reason to know from past experience that there is a likelihood of a passenger and his hand baggage becoming separated under its security operations the airline is obliged to take all necessary measures to safeguard such baggage, so that it is returned to the passenger and that passenger boards his flight with his own carry-on baggage. It is not surprising under the system involved here that an unguarded piece of baggage would disappear either deliberately or by mistake on the part of a third party.
CONCLUSION
In determining that inadequate precautions were the proximate cause of claimant’s loss and that under the *488 circumstances presented, where the probability of hand baggage missing when separated from its owner should reasonably have been foreseen, claimant is awarded his damages in the amount proven, $950, against the defendants.
The court finds that in holding the airline liable a limitation of liability by means of a tariff filed with the Civil Aeronautics Board is not applicable to the facts at hand; a contract of carriage regarding this piece of baggage was not established since it was never placed on the airplane. (Liability of air carrier for loss of or damage to the passengers’ baggage or contents thereof, Ann., 25 ALR2d 1352.)
Claimant is awarded $950 against both defendants. However, Delta, as most airlines, has a security agreement with Ogden Security, Inc., an independent security company which is responsible for the operation of all security systems including the scanning operation for the hand baggage. This agreement entered into by Delta Airlines and Ogden Security, Inc. provides that, “Ogden Security shall be solely liable for any actions, claims, losses, liabilities or expenses arising out of any injury to persons or damages to property incurred in connection with the services to be performed under this agreement * * * which have been caused by the negligence of Ogden Security and Ogden Security shall indemnify client from any and all such actions, claims, losses, liabilities and expenses”. In accordance with the terms of the security agreement between both defendants in this action Delta Airlines has an indemnification claim against Ogden Security, Inc., and therefore Delta has a judgment over and against Ogden Security, Inc., in the amount of $950.