■ INSURANCE COMPANY OF NORTH AMERICA et al., Respondents, v JENNIE A. HELLMER et al., Appellants, et al., Defendant. [622 NYS2d 767] —In a subrogation action to recover the proceeds of a fire insurance policy, the defendants Jennie A. Hellmer and Brian Hellmer, d/b/a Heinz Delicatessen, appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated July 19, 1993, which granted the motion of the plaintiff Insurance Company of North America a/s/o Richard York of Riverhead, Inc., to amend the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

A commercial building owned by Richard York of Riverhead, Inc. (hereinafter York), was destroyed by a fire on November 23, 1987. The building was insured for fire loss by the Insurance Company of North America (hereinafter INA). INA paid York, its insured, more than $230,000 under the relevant insurance policy.

INA commenced the instant action, as the subrogee of York, against the defendants to recover the sum it had paid to York on the ground that the defendants' negligence had caused the fire in York's building.

Thereafter, INA moved to amend the complaint to add York, as well as its president and principal shareholder, as plaintiffs and to increase the ad damnum clause by more than $300,000 to reflect an otherwise time-barred claim for unin-

sured fire losses suffered by York. The Supreme Court granted the motion. We reverse.

The standard to be applied in the instant case is set forth in *Key Intl. Mfg. v Morse/Diesel, Inc.* (142 AD2d 448). In that case, Justice Bracken, writing for the Court, held as follows *(Key Intl. Mfg. v Morse/Diesel, supra,* at 458-459): "We emphasize, however, that the rule permitting the claim of a newly joined plaintiff to relate back to the earlier claim of a preexisting plaintiff does not necessarily extend beyond those situations, such as this case, where the substance of the claims of the newly joined plaintiff and those of existing plaintiff are virtually identical, where the ad damnum clause is thus the same in the proposed amended complaint as in the original complaint, and where the newly joined plaintiff is closely related to the original plaintiff. We do not suggest that an entirely separate plaintiff may be joined in a pending action, in order to assert an otherwise time-barred claim pursuant to the relation-back provisions of CPLR 203 (e) [redesignated in 1992 as CPLR 203 (f)] where to do so would increase the measure of liability to which the defendants are exposed".

Viewed within these guidelines, it is clear that the instant motion to amend the complaint must be denied. Indeed, in a case whose facts are virtually identical to those at bar, the court denied a motion to amend, stating *(Krellenstein v Fieldcrest Mills,* 123 Misc 2d 783, 784-785):

"The court must decide whether plaintiff may avail himself of the 'relation back' provisions of CPLR 203 (subd [e]) [redesignated in 1992 as CPLR 203 (f)] to amend his original complaint for personal injury to now include an otherwise time-barred claim as a subrogor for property damage * * *

"He has apparently received payment from his insurance company and seeks to assert the claim for the benefit of that company, the real party in interest. The court does not believe that CPLR 203 (subd [e]) was intended to permit an amendment of this sort, the effect of which would be to revive an otherwise time-barred claim by a third party, a stranger to the initial action. Applying CPLR 203 (subd [e]) in such a situation would be to distort its meaning and purpose. The relation back provision was not meant to extend this far and the court declines to apply it here".

The case of *Bellini v Gersalle Realty Corp.* (120 AD2d 345), relied on by INA, is factually inapposite and does not mandate a contrary result.

Accordingly, INA's motion to amend the complaint must be

denied. Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.