■ AGWAY INSURANCE COMPANY, as Subrogee of PAUL TILLOTSON, Respondent, v P AND R TRUSS COMPANY, INC., et al., Respondents. PAUL E. TILLOTSON, Appellant. [783 NYS2d 189]—

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 17, 2003. The order denied the motion of Paul E. Tillotson for permission to intervene.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied the motion of Paul E. Tillotson seeking permission to intervene in this action pursuant to CPLR 1012 (a) (2) "and/or" 1013. Plaintiff commenced this action as subrogee of Tillotson to recover Tillotson's insured loss in the approximate amount of $68,000 resulting from the collapse of a barn roof. After the scheduled trial date was postponed, Tillotson made the instant motion to intervene as a party plaintiff in order to assert a cause of action for uninsured business losses of over $500,000 arising from the allegedly defective construction of the roof. The court properly concluded that Tillotson's cause of action is time-barred. Although the relationship between Tillotson and defendants arises from the underlying contract, the proposed cause of action seeks damages that are not recoverable based on breach of contract because such damages were not within the contemplation of the parties when they entered into the contract (see Kenford Co. v County of Erie, 108 AD2d 132, 135 [1985], affd 67 NY2d 257 [1986]; Route 7 Mobil v Machnick Bldrs., 296 AD2d 809, 810 [2002], lv denied 99 NY2d 501 [2002]). The proposed cause of action is thus subject to the three-year limitations period of CPLR 214 (4), and the motion to intervene was made five months after that period expired. We reject Tillotson's contention that the proposed cause of action relates back to the interposition of plaintiff's subrogation claims pursuant to CPLR 203 (f) (see Insurance Co. of N. Am. v Hellmer, 212 AD2d 665, 666 [1995]). Even assuming, arguendo, that the proposed cause of action is not time-barred, we further conclude that Tillotson's motion to intervene under CPLR 1012 (a) (2) "and/or" 1013 is not timely. Tillotson "should have taken steps to protect [his] interests in a more timely fashion and he has not articulated any reasonable excuse for his delay" (B.U.D. Sheetmetal v Massachusetts Bay Ins. Co., 248 AD2d 856, 857 [1998]; see Rectory Realty Assoc. v Town of Southampton, 151 AD2d 737, 737-738 [1989]; Matter of Fink v Salerno, 105 AD2d 489, 490 [1984], lv dismissed and appeal dismissed 63 NY2d 907 [1984]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.