*436 OPINION OF THE COURT
Diane A. Lebedeff, J.
This action for breach of a bailment contract was commenced more than three years after the plaintiffs vehicle was stolen from defendant’s full-service garage. Defendants Central Parking System of New York, Inc. (CPSNY), and Meyers Parking System, Inc., move for summary judgment (CPLR 3212). Defendants urge that the plaintiff’s claim, although based in contract and facially subject to a six-year statute of limitations, is time-barred because case law mandates that all claims based upon breach of a bailment contract are governed by a three-year negligence statute of limitations. For reasons set forth below, to the extent the claim seeks contract damages, the court finds that the precedents urged no longer represent sound law and the former rule must be set aside as superseded by subsequent decisions of the Court of Appeals.
Background
Plaintiff Adriano M. Rodriguez owned a Lexus automobile, which was operated by one Ney Dominguez with plaintiff’s permission. In the early morning hours of June 2, 1997, Dominguez parked plaintiff’s vehicle at a full-service parking garage managed and operated by defendant CPSNY, which garage was owned by defendant Meyers. The operator received a claim ticket and was told to leave his vehicle with the keys in it. Several minutes later, after the operator and his companion entered a nearby club, they were told that the car had been stolen. The manager of the garage subsequently determined— based upon his investigation and videotapes of the theft — that a garage employee had been involved with the theft.
Plaintiff commenced this action in February of 2001, asserting causes of action for breach of a bailment contract and for violation of General Obligations Law § 5-325, seeking to recover the value of his vehicle from defendants.
Applicable Statute of Limitations
This case brings up for review the single issue of the statute of limitations to be applied in bailment cases and, more specifically, defendants’ contention that all such cases are governed by the three-year negligence statute (CPLR 214 [4]) and not by the six-year “contractual obligation or liability” statute (CPLR 213 [2]). Defendants’ request for dismissal rests upon a 1970 decision of the Appellate Term, First Department, which found that *437 a cause of action in bailment stemming from the theft of a plaintiff’s vehicle while in defendant’s custody invoked the common-law duty of care and issues of a bailee’s negligence, and was governed by a three-year statute of limitations, notwithstanding that the relationship of the parties was based in contract (Tischler Roofing & Sheet Metal Works Co. v Sicolo Garage, 64 Misc 2d 825, 825 [App Term, 1st Dept 1970] [“In determining the applicable Statute of Limitations, the courts look to the basic essentials of recovery. If the gravaman of the cause of action is predicated on a tort, the three-year negligence statute controls”]; accord, Atlas Assur. Co. v Barry Tire & Serv. Co., 3 AD2d 787 [3d Dept 1957] [“plaintiff concedes that, despite the contract, it may not recover without establishing negligence in connection with the theft. It is settled that the plaintiff may elect to proceed on either the theory of breach of contract or in tort. . . While the duty to use due care to protect the automobile from theft arose from contract, the action is still one for negligence”]).
Although these precedents have not been explicitly overruled as they relate to full-service garage bailments, it cannot be ignored that — over the course of the last 30 years — the Court of Appeals has consistently refused to apply a shortened negligence statute of limitations period to a contract claim seeking contract damages on a claim for property damage. Indeed, starting no later than six years after the Appellate Term decision urged to be binding, the underpinnings of that rule were rejected (Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 676 [1976] [“if the claim ... is substantially related to the subject matter of the substantive agreement ... it will not be barred merely because it also would permit recovery in a tort action at law”]). That rejection has been repeatedly reiterated over the years (Steiner v Wenning, 43 NY2d 831, 832 [1977] [“The complaint . . . stated a good cause of action in contract and sought no greater recovery than would be allowed under the law of damages with respect to contract liability. It was accordingly error to apply the three-year Statute of Limitations”]; Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 396 [1977] [where there is a contract, “the selection of the applicable Statute of Limitations is related to the remedy sought”]; Video Corp. of Am. v Frederick Flatto Assoc., 58 NY2d 1026, 1028 [1983] [“an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is *438 governed by the six-year contract Statute of Limitations (CPLR 213, subd 2). To the extent that (older precedents) are to the contrary they should not be followed”]; Loengard v Santa Fe Indus., 70 NY2d 262, 266 [1987] [“the choice of the applicable Statute of Limitations depends on the substantive remedy which the plaintiff seeks”]). And, except to the extent that certain nonmedical malpractice actions are now limited to a global three-year limitations period (CPLR 214 [6]), a plaintiff continues to have the choice of asserting a contract claim with its six-year statute of limitations where the parties are bound by a contract and only contract damages are sought (Chase Scientific Research v NIA Group, 96 NY2d 20, 31 [2001]).
The change in the law represented by this line of cases was summarized in Baratta v Kozlowski (94 AD2d 454, 461 [2d Dept 1983]):
“In resolving conflicts between the tort and contract limitations periods, the judiciary historically has looked toward the ‘essence of the action’, a rule primarily applied to personal injury lawsuits, but sometimes applied to pecuniary interest cases as well. In recent times, however, the Court of Appeals has disavowed blanket application of the essence of the action rule beyond personal injury actions and recognized that different policy considerations are involved in actions for damages to property or pecuniary interests.” (Citations omitted.)
Opining that “a wrongdoer should not be permitted to allege his own wrong for the purpose of defeating an action on tbe basis of the Statute of Limitations,” the Second Department applied a six-year limitations period to the contract-based claim to the extent that it sought contract damages (Baratta, 94 AD2d at 463; see also, Frank Mgt. v Weber, 145 Misc 2d 995, 999 [Sup Ct, NY County 1989, Lehner, J.] [for a similar analysis]).
This change in the law has been recognized by modern legal authorities. In words directly applicable to the facts presented in this case, Professor David D. Siegel addresses the statute of limitations as applied to a complaint with multiple theories and states in New York Practice § 37 (4th ed), “The same conduct will sometimes constitute both a breach of contract and the tort of conversion. The conversion claim has only a three-year period; adding a count in contract may secure the application of the longer contract period” (see also, 2A Carmody-Wait 2d § 13:127 [“Nature of action as in contract or tort; alternative remedies . . . Where a party can establish a cause of action in *439 contract, the six-year statute applies, even though such party might conceivably recover in tort”]).
This same conclusion appears required when, as here, a garage with attendant parking fails to produce a properly garaged car upon demand. The contract is formed by the issuance of a parking ticket and the surrender of a vehicle into the custody and control of the garage, giving rise to an actual bailment (Osborn v Cline, 263 NY 434, 437 [1934] [parking arrangements “are graded all the way up to the housed garage where cars may be left at more expense. Whether a person simply hires a place to put his car or whether he has turned its possession over to the care and custody of another depends on the place, the conditions, and the nature of the transaction”]). The breach of the bailment contract is made out by a showing of the garage’s refusal to deliver the bailed item to the client (Klein v Parke-Bernet Galleries, 21 AD2d 772, 773 [1st Dept 1964] [the six-year statute of limitations period applies to an action to recover for bailee’s refusal to deliver property, as “(t)he gravamen does not depend on the loss or impairment of the property but the refusal to deliver. Indeed the cause of action accrues only on the demand and is not dependent upon what happened to the (property) or when”]).
On the facts presented, General Obligations Law § 5-325 underscores that negligence is not relevant (General Obligations Law § 5-325 [1] [“No person who conducts or maintains for hire or other consideration a garage (or) parking lot . . . may exempt himself from liability for damages for injury to person or property resulting from the negligence of such person, his agents or employees ... in its housing, storage (or) parking”]). The statute is rendered irrelevant only when the facts show that the relationship formed was something less than a bailment (see, Rembert v Co-op City Parking Garage No. 2, 86 Misc 2d 399, 400-401 [App Term, 1st Dept 1975] [where “there did not exist that measure of dominion and control by defendant over plaintiffs vehicle which creates a bailor-bailee relationship” then statute did not bar creation of “licensor-licensee relationship . . . (which) did not rise to the level of a bailment”]; see also, William V Vetter, The Parking Lot Cases Revisited: Confusion at or about the Gate, 40 Santa Clara L Rev 27, 29 [1999] [comprehensively collecting cases nationwide and reporting that there is an industry understanding that a full-service garage has a duty to produce the car when it is claimed by the customer, which liability is best limited by operating as a park- and-lock facility]).
*440 It remains true that the longer statute of limitations applies only to the extent that contract damages are sought (Agway Ins. Co. v P & R Truss Co., Inc., 11 AD3d 975 [4th Dept 2004] [claim for uninsured business losses not within contemplation of the parties when they entered into construction contract, and was subject to three-year limitations period]).
Accordingly, given that the complaint and bill of particulars request only contract damages and disclaim any theory of negligence, the claim raised is properly subject to a six-year limitations period. The court does not reach the question of the statute of limitations to be applied to park-and-lock arrangements and to situations in which liability arguably arises exclusively under a negligence theory (Ellish v Airport Parking Co. of Am., 42 AD2d 174, 179 [2d Dept 1973], appeal dismissed 33 NY2d 764 [1973], affd on op below 34 NY2d 882 [1974] [for airport park-and-lock lot, “(u)nless proof of negligence is present on the part of the operator of the lot, the risk of loss must be assumed by the owner of the automobile”]; see, all involving damage to, or parts stolen from, a car in a park-and-lock facility and collecting cases: Linares v Edison Parking, 97 Misc 2d 831, 832 [Civ Ct, NY County, Small Claims Ct 1979, Gammerman, J.], Garlock v Multiple Parking Servs., 103 Misc 2d 943 [Buffalo City Ct 1980, McCarthy, J.], and Brown o Edison Parking Corp., 7 Misc 3d 1028[A], 2005 NY Slip Op 50797[U] [Civ Ct, NY County 2005, Gesmer, J.]). Also unaddressed are the standards applicable to a parking lot associated with a commercial facility (see, Annotation, Liability for Loss of Automobile Left at Parking Lot or Garage, 13 ALR4th 362; Annotation, Liability for Damage to Automobile Left in Parking Lot or Garage, 13 ALR4th 442).
For the foregoing reasons, defendants’ motion for summary judgment is denied.